ROBERTSON, Presiding Judge.
The Circuit Court of Etowah County divorced the parties in 1982. Further, the trial court awarded the husband a judgment against the wife in the amount of $7,500; said sum, until discharged, to constitute a lien against the wife’s property. The husband subsequently petitioned the trial court to sell the property and requested that notice be by publication in the local newspaper.
The property was sold; however, the sale was ultimately set aside because the wife was not given notice of the sale. Further, the trial court found that the wife was entitled to a homestead exemption on the property in question. The husband now appeals.
The husband raises three issues on appeal. However, after reading his brief, which consists of a statement of the case, a statement of the issues and a one page argument, we cannot determine what the husband is asserting.
In his argument the husband makes several assertions concerning judgments on torts. However, he does not articulate in any way (even if such assertions were founded) how it would put the trial court in error. He makes other assertions concerning notice; however, he failed to cite to us any legal authority to support his contentions. See William Wilson Enterprises, Inc. v. Napier, 395 So.2d 89 (Ala.Civ.App.1981).
This court has stated on numerous occasions that appellants who fail to comply with Rule 28, A.R.App.P., place themselves in a perilous position. In such instances this court cannot reverse the judgment of the trial court. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988). Here, the husband clearly did not comply with Rule 28. Therefore, we affirm the judgment of the trial court.
*859 This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.