This is a breach of contract case.
The plaintiffs, husband and wife, being in the market for a home, viewed a new house that had been vandalized.
They contacted the defendants and the upshot was that repairs and renovations were to be made to the house and a written contract was entered into on October 15, 1980, whereby the plaintiffs agreed to purchase the real estate for $44,500. The only contract provision as to the renovations was: "Renovation of subject property shall begin after total of $4,500 earnest money is on deposit with the Seller in the form of cash." The plaintiffs paid $2,500 upon the earnest money and were to pay the remaining $2,000 on or before November 21, 1980.
Among other theories, the plaintiffs sued the defendants for a breach of contract. After an ore tenus non-jury trial, a final judgment was entered which stated in presently pertinent part that "The subject real property was in a state of disrepair at the time of the execution of the contract and Plaintiffs made a reasonable effort to decide the details of the renovation of the subject property with defendants. Defendants made no effort to ascertain and decide the items necessary to the renovation of the property." Judgment was rendered in favor of the plaintiffs and against the defendants in the amount of $2,500. The defendants appealed.
In viewing the conflicting evidence in accordance with the attendant presumptions, only that evidence which generally supports the findings and holdings of the trial court is largely summarized herein.
The plaintiffs' only contact with either of the defendants was with the defendant Parrish, the president of the corporate defendant. They had only three conversations with Parrish — first, by telephone when they initially inquired about the vandalized house; second, in person when they signed the sales contract; and lastly, in person when the plaintiffs gave to him the $2,500 which they paid as earnest money. They agreed with him to later agree upon the carpeting, painting, appliances, and the repairs which were to be performed and also as to when the renovation of the house *Page 1050 
would commence after they paid a total of $4,500 as earnest money. However, Parrish would not talk to them again. Between October 15, when the contract was signed, and November 21, when the balance of $2,000 was due, they called Parrish's office and home about twenty times. They had the $2,000 on hand. From the date of the contract until this case was filed on March 3, 1981, the plaintiffs unsuccessfully attempted on approximately 150 different occasions to contact Parrish either by telephone or by visits to his office or home. Not once did Parrish return any of their calls or contacts or see them when they went to his office or home. Upon advice of counsel, they did not pay the remaining $2,000 of the earnest money because it was so difficult to contact and communicate with Parrish. The renovation of the house was never started by the defendants.
The evidence conflicted as to much of the testimony as above summarized.
Regarding the non-payment of the $2,000, the plaintiffs certainly acted reasonably and prudently in not paying it because of the lack of cooperation by the defendants. When it was due, the money was in their bank account. They had previously attempted about twenty times to contact Parrish but to no avail. The law can properly excuse a promisor from performing whenever justice requires it if the failure of performance was caused by the fault, actions, or inactions of the other party.
The written contract of the parties was ambiguous regarding the renovation of the property. It was entirely devoid as to what was to be done, when it was to be performed, what materials would be used, who would select and provide the materials or even who was to perform the work. The entire provisions of the contract as to the renovation work were contained in the one sentence that work would begin when the full $4,500 was in the seller's hand in cash. After the written contract was entered into, the parties were to further agree as to a number of matters. The renovation portion of the contract was an important and material part of the agreement and, being ambiguous, its true meaning was a question of fact to be determined by the trial court in this non-jury trial. Mass.Appraisal Services, Inc. v. Carmichael, 404 So.2d 666, 673
(Ala. 1981). From the recitals in the judgment, it is clear that the trial court accepted the version of the plaintiffs as to the intent of the parties when the renovation sentence was placed in the written contract. It is also evident that the trial court adopted the plaintiffs' contention as to what the parties had agreed to regarding the renovation and repair of the house by the defendants.
The parties had much unsettled business to accomplish pertaining to the renovation of the property. In that regard, there was an implied promise on behalf of all parties to cooperate with each other. The total, apparently calloused and multiple failures of cooperation by Parrish to the extent as was revealed by the evidence constituted a breach of contract. "There is implied in every contract a good faith effort to accomplish the result intended by the parties, Fleming LilyFlagg Builders Supply Co. v. Kirkpatrick, 371 So.2d 16 (Ala. 1979). . . ." Shur-Gain Feed Division v. Huntsville ProductionCredit Association, 372 So.2d 1317, 1321 (Ala.Civ.App. 1979). The trial court expressly found that the defendants made no effort to comply in that respect.
The ore tenus rule applies. The evidence conflicted. The findings of the trial court after an evidentiary non-jury trial are presumed to be correct and will not be disturbed upon appeal if competent evidence supports the judgment, unless it is palpably wrong. Wiggins v. Brown, 391 So.2d 128
(Ala.Civ.App. 1980); Nash v. Vann, 390 So.2d 301 (Ala.Civ.App. 1980). Here the evidence fully supports the holding of the trial court as to the lack of cooperation by the defendants and the judgment clearly was not palpably wrong in that respect. In effect, the trial court merely awarded restitution to the aggrieved parties and ordered the return to them of the $2,500 which had been paid by them. Justice was well served by the judgment. *Page 1051 
In the final judgment, the trial court recited another theory, ground, or basis for the rendition of the judgment. Argument is made by the defendants as to the invalidity of the judgment on that account. However, it is not necessary that we determine whether that particular stated ground for the holding of the trial court was wrong, for the judgment was correct under the evidence for the other reasons previously discussed herein. Gamble v. Gamble, 363 So.2d 790 (Ala.Civ.App. 1978).
We pretermit a decision upon any issue which was not supported by the citation of authority in brief. Shory v.Peavy, 431 So.2d 1319 (Ala.Civ.App. 1983).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.