Jimmy L. Richards filed an action against General Motors Corporation and Dewey Barber Chevrolet, Inc., seeking revocation of acceptance of a new 1982 Chevrolet pickup truck he had purchased from Barber Chevrolet. Trial was had before a jury, and it revoked Richards's acceptance of the truck and found that plaintiff's use of the truck while in his possession was valued at $1,200. After the verdict was returned the trial court opened the case to allow Richards to introduce additional evidence relating to the use of the truck while in Richards's possession, i.e. whether the principal use was commercial or personal.
Richards also at this time requested that he be awarded an attorney's fee as permitted by the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 2310
(d)(2) (1982) (the Act). Before the attorney's fee provision of the Act can apply, it must be determined that the goods at issue are consumer goods. 15 U.S.C. § 2310 (d)(1). The trial court, sitting without a jury, decided that the pickup truck was not a consumer good or equipment and denied the request for an attorney's fee. Plaintiff appeals.
State law, not the Act, determines whether the truck is a consumer good or equipment. The test adopted in Alabama is the "primary use" test. If the goods "are used or bought for use primarily for personal, family or household purposes," they are consumer goods. § 7-9-109 (1), Code 1975. If they "are used or bought for use primarily in business," they are equipment. § 7-9-109 (2), Code 1975. The primary use of the good or equipment is a matter of fact to be determined by a jury. SeeGrimes v. Massey Ferguson, Inc., 355 So.2d 338 (Ala. 1978).
In the instant case the trial court, sitting without a jury, decided, based on the evidence submitted during the main hearing and after the case was reopened, that the truck was used primarily for commercial purposes. Richards says that the trial *Page 827 
court erred by not submitting the issue to the jury. Nowhere in the record does it appear that Richards requested the trial court to present to the jury the issue of the type use to which the truck had been put. Richards's only written requested charge had nothing to do with the truck's use. Moreover, when asked by the court after the oral charge if he had any objections, Richards replied that he was satisfied.
It is well settled that:
 "[N]o party may assign as error the giving or failing to give a written instruction or the giving of an erroneous, misleading, incomplete or otherwise improper oral charge unless he objects thereto, stating the matter to . . . which he objects and the grounds of his objection."
Walker v. Dutton, 401 So.2d 32 (Ala. 1981). Rule 51, Alabama Rules of Civil Procedure. See also, General Sales Co. v.Miller, 454 So.2d 532 (Ala. 1984); Griffin v. Gregory,355 So.2d 691 (Ala. 1978); Herbert v. Huie, 1 Ala. 18, 34 Am.Dec. 755 (Ala. 1840). No objections were timely made and, therefore, the trial court was not in error in determining the primary use of the truck as a matter of fact.
The factual findings of the trial court sitting without a jury will not be disturbed on appeal unless they are plainly and palpably incorrect. Rapaco, Inc. v. Agee, 453 So.2d 1048
(Ala.Civ.App. 1984). There was ample evidence in the record from which the trial court could have determined that the truck was used primarily as business equipment: Richards said he used the vehicle to haul produce from his Blountsville farm to the Birmingham farmers' market; he used it to pull a cattle trailer; and he depreciated it as a business expense on his 1982 federal income tax return.
Since the trial court found that the truck was not a consumer good, Richards is not entitled to attorney's fees under the Act since the Act applies only to consumer goods.
Richards's next contention is that the court erred in not giving the requested jury charge on prejudgment interest. We disagree. Prejudgment interest is awarded in Alabama only when the amount due is certain or capable of being made certain.Wood v. Central Bank, 435 So.2d 1287 (Ala.Civ.App. 1982). Here, the amount due the plaintiff was neither certain nor capable of being made certain by mere computation.
At the time Richards asked that the contract for purchase of the truck be revoked, he requested the return of the $11,000 purchase price. However, from the time of the revocation to the time of trial Richards had driven the truck several thousand miles, and the value of this use had to be computed before the amount due plaintiff could be determined. The jury determined the value of the use of the truck to be $1,200. Since this amount had to be determined by the jury, the amount due plaintiff was not susceptible of simple computation and, hence, was not subject to prejudgment interest.
Finally, Richards says that the trial court's requirement that he return the truck to the defendants free and clear of all liens and encumbrances amounted to a deprivation of his property without due process of law, in violation of the United States and Alabama Constitutions. However, no cases are cited in brief, nor is there any argument made in support of this issue.
This court has previously held that where the appellant fails to cite authority for his positions asserted on appeal we may affirm the decision below since "It is neither our duty nor function to perform all of the legal research for appellant."Rapaco, Inc. v. Agee, supra; Shory v. Peavy, 431 So.2d 1319
(Ala.Civ.App. 1983); Rule 28 (a)(5), Alabama Rules of Appellate Procedure. See also, Welch v. Turner, 411 So.2d 143
(Ala.Civ.App. 1982); William Wilson Enterprises, Inc. v.Napier, 395 So.2d 89 (Ala.Civ.App. 1981).
The judgment of the trial court is affirmed.
AFFIRMED. *Page 828 
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.