This is a quasi-contract case.
American Family Care, Inc. (AFC), appeals from the judgment of the trial court entered in favor of Jill M. Fox.
Ronald Fox sought medical treatment from AFC during his marriage to Jill M. Fox. In connection with the treatment, he signed a contract by which he accepted responsibility for the payment of all charges, including a reasonable attorney's fee. The parties do not dispute that Ronald Fox is contractually liable to AFC. After Ronald Fox received the treatment, he and Jill Fox were divorced.
On December 16, 1991, AFC sued Ronald Fox in the Jefferson County District Court for breach of contract. AFC sought damages in the amount of $374.57. AFC joined Jill Fox as a codefendant. However, Ronald Fox could not be located for service of process and was dismissed on AFC's motion. The case against Jill Fox proceeded to trial on a quasi-contract theory. On September 21, 1992, the district court entered a judgment against Jill Fox in the amount of *Page 488 
$122.77 plus court costs. AFC appealed to the Jefferson County Circuit Court for a trial de novo, seeking damages against Jill Fox equal to the amount for which Ronald Fox would be liable under the contract. Following ore tenus proceedings, at which the parties stipulated to the relevant facts, the trial court entered a judgment in favor of Jill Fox, holding that AFC "would not be entitled to recover against [Jill Fox] under the theory of Quasi Contract." Costs were taxed to AFC. AFC filed a posttrial motion, which was denied.
AFC appeals contending that the trial court erred in refusing to hold Jill Fox liable under a quasi-contract theory.
Under the doctrine of quasi-contract, the law implies a contract, based upon the principles of equity, to prevent the unjust enrichment of one who knowingly accepts and retains a benefit provided at the detriment of another, who has a reasonable expectation of compensation. Utah Foam Prods., Inc.v. Polytec, Inc., 584 So.2d 1345 (Ala. 1991); Opelika Prod.Credit Ass'n v. Lamb, 361 So.2d 95 (Ala. 1978); Hendrix, Mohr Yardley, Inc. v. City of Daphne, 359 So.2d 792 (Ala. 1978). The benefit conferred need not be strictly monetary:
 "A person may be considered to have conferred a benefit upon another if he has given him possession of, or an interest in, land, chattels, or choses in action, or if he performs some service which is beneficial to or at the request of the other person, or if he satisfies a duty [or] a debt of the other. Whenever one person adds to the other's advantage in any form, whether by increasing his holdings or saving him from expense or loss, he has conferred a benefit upon the other."
Opelika Prod. Credit Ass'n, 361 So.2d at 99. The amount of the recovery is limited to the value of the benefit gained by the defendant, regardless of the extent of the detriment to the plaintiff. Opelika Prod. Credit Ass'n, supra. The plaintiff bears the burden of proving the existence of the unjust enrichment and the reasonable value of the services rendered.Utah Foam Prods., Inc., supra.
It is undisputed that the express contract between AFC and Ronald Fox had been fully performed except for payment and that AFC had suffered a detriment. The question in this case is whether Jill Fox was unjustly enriched by the knowing acceptance of a benefit provided by AFC for which AFC could reasonably expect compensation from Jill Fox. Utah Foam Prods.,Inc.; Opelika Prod. Credit Ass'n; Hendrix, Mohr, Yardley,Inc., supra.
AFC asserts that the medical services rendered to Ronald Fox conferred a benefit on Jill Fox by helping to "maintain the equilibrium of the marital relationship, and [to] minimize
any disruption of the equilibrium caused by illness or disease." However, we decline to hold that AFC met the burden of proof necessary to establish a quasi-contractual obligation on the part of Jill Fox. When AFC treated Ronald Fox, it obviously expected him to pay for the medical services it rendered. Any benefit conferred upon Jill Fox arising from AFC's treatment of Ronald Fox was "purely incidental." See UtahFoam Prods., Inc., 584 So.2d at 1351.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.