The plaintiffs, James R. Lipham and Linda L. Lipham, appeal from summary judgments in favor of the defendants, General Motors Corporation ("G.M.") and Tiara Motorcoach Corporation ("Tiara"). The case involves the Liphams' purchase of a new Tiara-customized Chevrolet van, manufactured by G.M., which they allege had numerous defects. In May 1993, the Liphams sued G.M. and Tiara, stating causes of action under Ala. Code 1975, § 8-20A-1 et seq. (the "lemon law"), the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("Magnuson-Moss"), and under theories of breach of express and implied warranties. G.M. and Tiara moved for, and were granted, summary judgments as to all of the Liphams' claims, except the implied warranty claims, which were dismissed by agreement of the parties.
Alabama Rule of Civil Procedure 56(c) provides that a summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of establishing that there is no genuine issue of material fact is on the movant.Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989). Where the movant makes a prima facie showing of the absence of a genuine issue of material fact, then the burden shifts to the nonmovant to rebut the prima facie showing of the movant. Id. In order to rebut such a prima facie showing, the nonmovant must show the existence of a genuine issue of material fact by "substantial evidence." "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
Our review of a summary judgment is de novo. Hightower Co.v. United States Fidelity Guar. Co., 527 So.2d 698, 701
(Ala. 1988). Also, in reviewing a summary judgment, we must view the evidence in a light most favorable to the nonmovant.Hallmark v. Duke, 624 So.2d 1058 (Ala. 1993).
On appeal, the Liphams do not dispute that the defendants made a prima facie showing of the absence of a genuine issue of material fact. Rather, the Liphams argue that they produced substantial evidence in rebuttal of that showing.
The record indicates the following facts pertinent to our review:
In 1992, the Liphams purchased a new Chevrolet van that had been manufactured by G.M. and "customized" by Tiara. The van was purchased from the Landmark Chevrolet dealership ("Landmark") in Huntsville, Alabama, and was covered under express G.M. and Tiara warranties. The Liphams produced evidence that on the day after their purchase, they began experiencing problems with the van, and they produced evidence that in the following four months they returned the van to Landmark on five occasions for repairs. In this regard, the record indicates that the van was at Landmark's place of business a total of 37 days during those four months for the purpose of those requested repairs.
Linda Lipham gave detailed affidavit testimony of the specific problems the Liphams *Page 192 
had had with the van and for which, she stated, they had requested repairs. Regarding those requested repairs, Linda Lipham stated that some problems associated with G.M.'s manufacturing of the van were never satisfactorily corrected. The problems she so identified included: defects in the suspension system, water leaks at the front and rear of the van, transmission problems, and an excessive amount of engine heat that flowed into the passenger compartment. Linda Lipham stated that she also requested that Landmark correct problems that she said were associated with Tiara's customizing of the van. Some of those problems, she said, were never satisfactorily corrected, and included: the engine starting without warning, improperly functioning interior lights and security alarm system, improperly operating power seats, an inoperable vacuum cleaner, and paint problems.[1]
The Liphams sought to negotiate through Landmark to be allowed to return the van. G.M. and Tiara explored alternative solutions to the Liphams' purported problems with the van, and the parties submitted the matter to nonbinding arbitration, but could not agree on a remedy to the situation. The Liphams then sued G.M. and Tiara, stating causes of action against both defendants based on the lemon law, Magnuson-Moss, and an alleged breach of express and implied warranties. As indicated, the trial court entered summary judgments in favor of G.M. and Tiara as to all claims, except the implied warranty claims, which had been dismissed by agreement of the parties. The Liphams appeal from the summary judgment as to their lemon law claims, their express warranty claims, and their Magnuson-Moss claims.[2]
As to the Liphams' express warranty claims, G.M. and Tiara argued in the trial court, and they argue here, that the Liphams produced no substantial evidence of the existence of many of the problems they say they complained of and no substantial evidence that the remaining problems were not corrected by Landmark. In short, G.M. and Tiara argue that the Liphams produced no substantial evidence of a breach of the Tiara warranty or of the G.M. warranty.[3]
In order to establish a breach of an express warranty, such as the alleged breaches at issue here, the plaintiff must show that "the warranty failed of its essential purpose"; that either the dealer refused to repair or replace the malfunctioning component, or failed to do so "within a reasonable time." Ag-Chem Equip. Co. v. Limestone FarmersCo-op., Inc., 567 So.2d 250 (Ala. 1990). Evidence produced by the Liphams clearly presents a jury question as to whether the G.M. and Tiara warranties failed of their essential purposes.
As our discussion of the record in this case indicates, the Liphams produced evidence from which the trier of fact could reasonably infer the existence of the problems complained of and the failure to remedy these problems despite the Liphams' affording the defendants several opportunities, over a four-month period, to do so through Landmark. That G.M. or Tiara disagrees as to whether some of the problems existed or as to whether the remaining problems were ongoing, and that G.M. produced an affidavit from a Landmark employee in support of its contrary position, do not negate, for example, Linda Lipham's detailed affidavit. As we have discussed, in that affidavit, Linda Lipham indicated that the Liphams had experienced numerous specific problems with the van and indicated that numerous specific problems *Page 193 
were ongoing, despite several attempts by the Liphams to obtain repairs.
Given the foregoing, we hold that the trial court erred in entering summary judgments in toto in favor of G.M. and Tiara as to the Liphams' express warranty claims. However, in the trial court G.M. argued, and it argues here, that even if the express G.M. warranty claim can be maintained by the Liphams, they cannot properly recover mental anguish damages, which they seek, in addition to other damages, for a purported breach of that warranty.
G.M. says that the Liphams produced no evidence in the trial court that they suffered mental anguish. On appeal, the Liphams emphasize that they were not required to demonstrate any physical symptoms or that they received a doctor's care in order to support this claim for damages, but they in no way indicate what evidence of mental anguish they did submit in the trial court. Accordingly, we are not persuaded to reverse the summary judgment as it relates to the claim for mental anguish damages under the breach of express warranty claim against G.M. Thus, as to the express warranty claim against G.M., we affirm the trial court's judgment to the extent that it would preclude the recovery of mental anguish damages, but we reverse that judgment in all other respects.
As to the express warranty claim against Tiara, we reverse the judgment of the trial court. Tiara did not raise any issue as to mental anguish damages on this claim in the trial court, and therefore, our reversal of the judgment on the Liphams' express warranty claim against Tiara is as to all aspects of that claim.
As to the Liphams' lemon law claim, the dispositive issue is whether they are "consumers"; if they are, then the lemon law is applicable to them. Specifically, Alabama's lemon law applies to the "consumer," see Ala. Code 1975, §§ 8-20A-2, -3. "Consumer" is defined, in pertinent part, as "[t]he purchaser, other than for purposes of resale, of a new or previously untitled motor vehicle used in substantial part for personal, family, or household purposes." Ala. Code 1975, § 8-20A-1(1). Whether the Liphams are "consumers" in that the van was "used in substantial part for personal, family, or household purposes" is in issue here, because of testimony elicited from the Liphams indicating that the van was purchased for use primarily in a commercial enterprise, a dog breeding business.
The Liphams argue that they presented substantial evidence that the van was purchased for "personal or family use," and therefore, they say, they adequately demonstrated that they are "consumers" within the meaning of the lemon law. However, James Lipham testified by deposition that the Liphams were in the "dog business" and had purchased the van for use in that business. He indicated that showing dogs was a sort of advertising for their dog breeding business, stating that, "you get them out and you get them shown and get them seen," and he stated that the van was purchased "specifically for the purpose of showing the dogs." In response to opposing counsel's question whether it was "correct" that "you are claiming that you lost monetarily from the dog business as a result of not being able to use this van which you purchased for your dog business," James Lipham agreed that that was "a fair statement."
Similarly, the Liphams stated, in a sworn response to G.M. interrogatories, that "[t]he van was purchased to allow [them] to travel and enter dogs into dog show competitions." They stated also that they had "lost entry fees and revenues due to their inability to go to dog shows because of the unreliability of [the] van."
Additionally, Linda Lipham testified by deposition that she bought the particular van because "I show dogs, and I needed a vehicle that would have air-conditioning for the dogs." However, Mrs. Lipham denied that she bred dogs as a "business," stating that "it is more of a hobby than a business." Later in her deposition, Mrs. Lipham testified, in response to a question as to the "primary purpose for buying" the van, that the vehicle was purchased for "[d]og showing and personal use." However, this statement was followed by Mrs. Lipham's testimony that the van was purchased primarily because it was large enough to "hold the family to go *Page 194 
places and everybody would [have] a seat belt."
Assuming, as the parties agree, that use in substantial part is properly demonstrated in this case by the van's primary intended purpose at the time of purchase,[4] the conflicting testimony given by the Liphams as to this intended purpose would not rebut the defendants' showing that that purpose was primarily commercial, rather than primarily for personal, family, or household uses. Here, it would be guesswork to infer, from the Liphams' sworn testimony, one use over another as its use "in substantial part." Linda Lipham's testimony conflicted with that of James Lipham and with that of their sworn interrogatory response, and it was, to some extent, self-conflicting.
We have held that "a party cannot be allowed to directly contradict his prior sworn testimony just to create an issue of fact in an attempt to avoid a summary judgment." Hanson v. NewTechnology, Inc., 594 So.2d 96 (Ala. 1992). Here, where the contradiction was perhaps innocent, created by an uncertainty rather than by a conscious effort to defeat a summary judgment motion, the contradiction likewise cannot work to defeat a properly supported summary judgment motion. Stated simply, viewing the sworn testimony of the Liphams most favorably to the Liphams — ignoring that the predominant import of that testimony is that the van was purchased for use in their "dog business" — one still must conclude that the Liphams' testimony could, at best, give rise only to speculation. It cannot, therefore, be said to "reasonably" create in the mind of the finder of fact the inference sought to be proved, i.e., that the van was intended to be used for "personal, family or household purposes." Accordingly, we affirm the judgment of the trial court as to the Liphams' lemon law claim.
For the same reasons as discussed above, G.M. and Tiara were entitled to judgments on the Liphams' Magnuson-Moss claim. Specifically, as to Magnuson-Moss, the parties agree that this body of law offers consumer protection as to "consumer product[s]." See 15 U.S.C. § 2310(d). Citing Richards v.General Motors Corp., 461 So.2d 825 (Ala. 1984), the parties further agree that whether the van is a "consumer product" is determined by its "primary use." Also, the parties agree that the evidence before the trial court as to the intended use of the van at the time of purchase is evidence of "primary use."
Based on these arguments and assumptions, the Liphams' Magnuson-Moss claims must fail, for the same reason that their lemon law claims against G.M. and Tiara fail. As indicated, Linda Lipham's testimony to the effect that the van was bought primarily to accommodate the needs of the family, and that the Liphams were involved in dog breeding and related activities only as a "hobby," was uncertain. Given contrary sworn testimony by the Liphams, this testimony was too uncertain to constitute substantial evidence that the van was purchased for "personal, family or household purposes."
As to the Liphams' Magnuson-Moss claims against G.M. and Tiara, we affirm the judgments of the trial court in favor of G.M. and Tiara. We also affirm those judgments as to the Liphams' lemon law claims. As to the Liphams' express warranty claims, we reverse the judgment of the trial court in favor of Tiara, and reverse the judgment in favor of G.M. except as to the claim for mental anguish damages; to the limited extent that that judgment of the trial court in favor of G.M. on the express warranty claims would prevent the recovery of mental anguish damages, we affirm.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, ALMON, SHORES, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.
[1] The admissibility of this affidavit testimony was evidently not questioned in the trial court.
[2] Although the Liphams state in their brief on appeal that they appeal as to "all claims filed in their complaint," in the trial court they stipulated to a dismissal of their implied warranty claims. On appeal they develop no arguments with respect to those claims.
[3] Tiara also suggested in the trial court that a 90-day limitation on the Tiara warranty as to "minor items" complained of had expired. Tiara indicates that it had been denied an earlier opportunity to correct any problems. However, the Liphams presented evidence that they did seek repairs for purported "minor items" at Landmark within 90 days of the purchase of the van, and in the absence of any contention on appeal that Landmark is not an authorized agent of Tiara in this regard, we do not address this contention further.
[4] Neither the Liphams nor G.M. dispute this assumption. However, we do not necessarily agree with this assumption. *Page 195