SEE, Justice.
 

 Portofino Seaport Village, LLC (“Porto-fino”), appeals from a judgment in favor of William A. Welch and Hawkins-Cobb, Inc., on Portofino’s counterclaim of unjust enrichment stemming from a failed real-estate transaction. We affirm.
 

 Facts and Procedural History
 

 Welch and Hawkins-Cobb owned a 267-acre parcel of land (“the property”) along the Fort Morgan Parkway in Baldwin County. Welch and Hawkins-Cobb sought the assistance of Roderick Wright in improving the marketability and value of the property.
 
 [1]
 
 Over a period of several
 
 *1097
 
 years, Wright conceptualized various development plans for the property.
 
 [2]
 
 In 1999, Wright conceived a plan for the construction of a high-rise residential tower and related amenities. In order to construct the development, Wright had to obtain entitlements from the Alabama Department of Environmental Management and the United States Army Corps of Engineers and also had to secure annexation of the property into the City of Gulf Shores.
 
 [3]
 

 In April 2004, Welch and Hawkins-Cobb decided that they preferred to sell the property rather than develop it. On April 29, 2004, Wright executed a letter of intent (“LOI”) with Welch and Hawkins-Cobb, pursuant to which Wright would purchase the property for $12.5 million. The LOI required Welch and Hawkins-Cobb to cooperate with Wright’s effort to have the property annexed into Gulf Shores, and it provided for a period of inspection and due diligence within which Wright could evaluate the property.
 

 In June 2004, Wright, as president and chief executive officer of Pointe Development of Destín, Inc. (“Pointe Development”),
 
 [4]
 
 hired Volkert & Associates, Inc. (“Volkert”), to assist him with the annexation of the property and in acquiring the entitlements necessary for the development. On December 6, 2004, Gulf Shores annexed the property pursuant to an application submitted by Volkert. Wright, individually and as president and chief executive officer of Pointe Development, executed a real-estate purchase agreement, pursuant to which he would purchase the property from Welch and Hawkins-Cobb; the closing date was set for July 81, 2005. The purchase agreement contained a merger clause that provided that any of the provisions of the LOI that had not been included in the purchase agreement were of no further force and effect. Wright and two other investors formed Portofino, and Pointe Development assigned the purchase agreement to Portofino. Before the scheduled July 31, 2005, closing date, Wright informed Welch that Portofino needed an extra 30, 60, or possibly 90 days to obtain the purchase money and that Portofino would make additional earnest-money payments as consideration for the extensions. Welch and Hawkins-Cobb agreed to the extensions; however, Portofino was unable to make the additional earnest-money payments; therefore, Welch and Hawkins-Cobb considered the purchase agreement void and began entertaining other offers.
 

 On June 12, 2006, Welch and Hawkins-Cobb filed a complaint in the Baldwin Circuit Court for a judgment declaring the purchase agreement void because of Porto-fino’s failure to close the transaction by July 31, 2005. Portofino counterclaimed, seeking specific performance of the purchase agreement or, alternatively, damages of $17 million under a theory of unjust enrichment. The trial court entered a judgment in favor of Welch and Hawkins-
 
 *1098
 
 Cobb declaring the purchase agreement void and denying Portofino’s counterclaim for specific performance. Then, after hearing testimony ore tenus, the trial court entered a judgment in favor of Welch and Hawkins-Cobb on Portofino’s unjust-enrichment counterclaim. Portofi-no now appeals the denial of its unjust-enrichment claim.
 

 Issue
 

 Whether the trial court erred in finding that Welch and Hawkins-Cobb were not unjustly enriched by Portofino’s successful effort to have the property annexed into the City of Gulf Shores.
 

 Standard of Review
 

 The trial court based its findings on ore tenus testimony.
 

 “““[Wjhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’
 
 Water Works & Sanitary Sewer Bd. v. Parks,
 
 977 So.2d 440, 443 (Ala.2007) (quoting
 
 Fadalla v. Fadalla,
 
 929 So.2d 429, 433 (Ala.2005), quoting in turn
 
 Philpot v. State,
 
 843 So.2d 122, 125 (Ala.2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’
 
 Wattman v. Rowell,
 
 913 So.2d 1083, 1086 (Ala.2005) (quoting
 
 Dennis v. Dobbs,
 
 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’
 
 Wattman v. Rowell,
 
 913 So.2d at 1086.”
 

 Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc.,
 
 985 So.2d 924, 929 (Ala.2007).
 

 Analysis
 

 Portofino argues that Florida law, not Alabama law, should apply to its unjust-enrichment counterclaim. To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation.
 
 See American Family Care, Inc. v. Fox,
 
 642 So.2d 486, 488 (Ala.Civ.App.1994). To prevail on a claim of unjust enrichment under Florida law a plaintiff must show that: “1) the plaintiff conferred a benefit on the defendant, who has knowledge of the benefit; 2) the defendant accepts and retains the conferred benefit; and 3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it.”
 
 Timberland Consol. P’ship v. Andrews Land & Timber, Inc.,
 
 818 So.2d 609, 611 (Fla.Dist.Ct.App.2002). It is not necessary to determine whether Alabama or Florida law applies in this case because Portofino has failed to prove unjust enrichment under either Alabama law or Florida law.
 

 The first requirement of unjust enrichment under either Alabama law or Florida law is that one party must have conferred a benefit on another. Portofino argues that it is undisputed that Portofino’s effort to have the property annexed into Gulf Shores conferred a substantial benefit on Welch and Hawkins-Cobb. However, the purported benefit of annexation was not, as Portofino claims, undisputed. Portofino presented the expert testimony of Claude Clark III, a real-estate appraiser, who stated that annexation of the property into the City of Gulf Shores doubled the value of the property based on the increase in allowed development density versus the density allowed by the county zoning regulations. Clark testified that if the proper
 
 *1099
 
 ty was worth $12.5 million before it was annexed, then it would be worth $25 million after annexation. However, under cross-examination Clark admitted that if the property had already been annexed at the time the contract for $12.5 million was signed, the parties to the contract would have already taken annexation into account in negotiating that purchase price. In this case, the LOI anticipated annexation, and the purchase agreement was signed after the property had been annexed into Gulf Shores. Additionally, after Portofíno failed to close on the property by the scheduled closing date, Welch and Hawkins-Cobb entered into a purchase agreement with Mark Reed, a neighboring landowner, pursuant to which Reed would purchase the property for $19 million.
 
 [5]
 
 Reed testified that at the time of his offer he was not aware that the property had been annexed into Gulf Shores and that he had based his offer on the development density allowed by the county zoning regulations. Reed also testified that the property was similar to his property and that, because neither of the properties was on the beach, increased development density beyond that allowed by the county zoning regulations would not necessarily lead to increased value. From this testimony, it is not apparent that the annexation of the property conferred any benefit on Welch and Hawkins-Cobb. Therefore, we discern no palpable error or manifest injustice in the trial court’s finding that Welch and Hawkins-Cobb were not unjustly enriched by Portofino’s annexation efforts, and we affirm the trial court’s judgment.
 

 Conclusion
 

 Portofíno has not demonstrated palpable error or manifest injustice in the trial court’s finding that Welch and Hawkins-Cobb were not unjustly enriched by Porto-fino’s annexation efforts. Therefore, we affirm the trial court’s judgment in favor of Welch and Hawkins-Cobb on Portofi-no’s unjust-enrichment counterclaim.
 

 AFFIRMED.
 

 COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
 

 [1]
 

 . Welch, Hawkins-Cobb, and Wright had previously worked together on a number of real-estate-development projects. Typically, Wright would develop land owned by Welch
 
 *1097
 
 and Hawkins-Cobb, and, after successful development, Wright would be compensated with a share of the profits from the development.
 

 [2]
 

 .Those plans included an RV park, a golf course, and a marina, none of which ever materialized.
 

 [3]
 

 . The presence ol wetland areas on the property made the entitlements necessary. The annexation was required in order to obtain zoning approval for the proposed high-density development; the county zoning regulations did not allow such high-density development.
 

 [4]
 

 . Pointe Development had two shareholders, Wright and his wife.
 

 [5]
 

 . The purchase agreement between Reed and Welch and Hawkins-Cobb never closed because of the impending threat of this litigation.