[DO NOT PUBLISH]

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11424

Non-Argument Calendar

_____

WILLIAM HARRISON,

Plaintiff-Counter Defendant-Appellant,

CATHEXIS HOLDINGS LP,

Plaintiff,

*versus*

STEVE JAMES FORDE,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cv-00360-N

_____

Before NEWSOM, GRANT, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant William Harrison appeals the district court's order denying his Federal Rule of Civil Procedure 59(e) motion to amend judgment to include pre-judgment interest on a $1.1 million judgment, based on his claim for unjust enrichment. After a failed agreement, Harrison asserted claims against Steve Forde for breach of contract, conversion, fraud, promissory fraud, unjust enrichment, and money had and received. Harrison sought compensatory damages of $5.6 million plus punitive damages in an amount determined by the jury. Following a jury trial, the jury returned a verdict in favor of Forde and against Harrison on each of his claims except for his claim of unjust enrichment, for which the jury awarded him $1.1 million. Harrison filed a post-judgment motion seeking pre-judgment interest, and the district court denied the motion. After reviewing the record and reading the parties' briefs, we affirm the district court's order denying pre-judgment interest.[1]

---

[1] Pursuant to 28 U.S.C. § 636 *et. seq.*, the parties consented for a magistrate judge to conduct all proceedings in this case.

## I.

We review for abuse of discretion a district court's ruling on a Rule 59(e) motion to amend judgment. *Gilchrist Timber v. ITT Rayonier, Inc.*, 472 F.3d 1329, 1331 n.2 (11th Cir. 2006). The district court exercised jurisdiction over this matter based on diversity of citizenship and the amount in controversy and properly relied upon state law to determine whether Harrison was entitled to pre-judgment interest. *Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1192 (11th Cir. 2023). We review *de novo* the district court's determination of Alabama law. *Gilchrist*, 472 F.3d at 1331 n.2.

## II.

Harrison and Kristian Agoglia formed a joint venture to source and supply PPE (personal protective equipment) to states, municipalities, and businesses. Governmental entities and hospitals approached Agoglia to purchase masks (PPE) for their places of business. Under the agreement, Harrison would provide the funds for the joint venture and Agoglia would provide the logistics expertise. The joint venture had an order for three million masks for medical use and needed a supplier who could quickly fill the order. Shortly thereafter, they met Forde, who was sourcing PPE from China and selling it to purchasers in the United States. At trial, Harrison testified that Forde agreed to sell three million masks for $6.6 million and, in reliance on Forde's representations, Harrison wired the money to Forde from Harrison's company, Cathexis.

Forde did not deliver the masks and admitted to Harrison that the masks were not available. However, Forde continued to

discuss with Harrison the sale/purchase of other masks to satisfy the agreement.  Harrison agreed to proceed with a deal where Forde would deliver three million masks by the end of April 2020. Forde failed to deliver the masks and did not return the money to Harrison, although Harrison demanded that Forde cancel the order and return the funds.  Thus, Harrison sought recovery of $5.6 million from Forde under a theory of unjust enrichment based upon Forde's alleged retention and/or misuse of those funds when the international KN95 mask deal went awry in the early days of the COVID-19 pandemic.

## III.

Under Alabama law, pre-judgment interest is allowed when the amount due is "certain or capable of being made certain." *Woods v. Central Bank of the South*, 435 So.2d 1287, 1291 (Ala. Civ. App. 1982); *see also Nelson v. AmSouth Bank, N.A.*, 622 So. 2d 894, 895 n.1 (Ala. 1993); *Richards v. Gen. Motors Corp.*, 461 So. 2d 825, 827 (Ala. Civ. App. 1984) (finding that because the amount due to plaintiff had to be determined by the jury, the amount due was "not susceptible of simple computation and, hence, was not subject to prejudgment interest").  In other words, Alabama law allows for an award of pre-judgment interest on damages that are liquidated. *See Miller and Co., Inc. v. McCown*, 531 So. 2d 888, 889 (Ala. 1988).  Liquidated damages are those that are "reasonably ascertainable at the time of breach, measured by fixed or established external standard, or by standard apparent from documents upon which plaintiffs based their claims." *U.S. Fid. And Guar. Co. v. German Auto, Inc.*, 591

So. 2d 841, 843 (Ala. 1991) (quoting BLACK'S LAW DICTIONARY 391(6th ed. 1990)).

There are three general rules to follow in determining the allowance of pre-judgment interest in Alabama: "(1) the amount due must be certain; (2) the time when it is due must be certain; and (3) the amount due and time of payment must be known to the debtor." *See Jernigan v. Happoldt*, 978 So. 2d 764, 767 (Ala. Civ. App. 2007). After considering Alabama law, the district court denied Harrison's motion for pre-judgment interest, determining that the damages were not complete or otherwise capable of being ascertained with any degree of certainty until the jury rendered its verdict. The district court relied on the fact that Harrison's claim for unjust enrichment arose in contract, and Alabama law recognizes this type of claim as quasi-contractual. *See American Family Care v. Fox*, 642 So. 2d 486, 488 (Ala. Civ. App. 1994). The district court also noted that recovery under a theory of unjust enrichment is an equitable remedy, providing an injured party relief when a legal remedy is lacking. *See Avis Rent A Car Sys. v. Heilman*, 876 So. 2d 1111, 1122-23 (Ala. 2003).

On appeal, Harrison contends that the district court abused its discretion in denying his post-judgment motion to amend the judgment to include pre-judgment interest. Harrison relies primarily on Forde's admission at trial that Harrison was entitled to $1.1 million from the "get-go." (R. App. Doc. 20-4 p. 171; Trial Doc. 168 p. 166.) Harrison also relies on Forde's bank statements, admitted into evidence, showing that as of May 7, 2020, Forde had spent all

the funds he admitted belonged to Harrison. Harrison contends that it was certain by May 7, 2020, that Forde's unjust enrichment ended, and pre-judgment interest was ascertainable from that date.

We conclude, based on the record, that the district court did not abuse its discretion in denying Harrison's request for pre-judgment interest. The district court reasoned that because Harrison's unjust enrichment claim arose in contract and was based on the same facts relevant to his breach of contract claim, recovery under one theory would have been mutually exclusive of the other. Thus, had the jury returned a verdict in Harrison's favor on Claim 1: Breach of Contract, then Harrison would not have been entitled to any recovery on Count 5: Unjust Enrichment. As such, the district court determined that the $1.1 million in damages awarded to Harrison on his unjust enrichment claim was not ascertainable, complete, or otherwise capable of calculation until the jury's verdict.

In addition, the record demonstrates that, at trial, Harrison continued to maintain his claim for breach of contract, as an individual and as an assignee of Cathexis. Harrison did not obtain the assignment of claims from Agoglia, Helanbak, and the unnamed joint venture until February 16, 2022. At trial, Harrison and Cathexis continued to assert competing claims that each were entitled to damages for unjust enrichment based on their alleged entitlement to the return of the funds used to purchase the masks. Harrison claimed that the funds were his individually; however, evidence showed that Cathexis, not Harrison, had wired the funds

from its business account to fund Helanbak's purchase of the masks. Evidence also showed that Helanbak asserted control over the funds when it attempted to freeze the funds it wired to Forde. Under these circumstances, the party legally entitled to the equitable return of the funds could not be ascertained until the jury considered all the evidence and returned its verdict. Without objection, Harrison's mutually exclusive claims for breach of contract and unjust enrichment were given to the jury. The jury rejected Harrison's breach of contract claim and returned a verdict solely on his claim for unjust enrichment. As such, we conclude, as did the district court, that the amount of the jury's award on the unjust enrichment claim was not ascertainable until the jury deliberated, balanced the equities, and returned its verdict.

Harrison cannot demonstrate that the district court abused its discretion in denying his motion for pre-judgment interest. Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Harrison's post-judgment motion to alter or amend the judgment to award Harrison pre-judgment interest.

**AFFIRMED**.