328 So.2d 293

**THOMAN ENGINEERS, INC., a corp.**

v.

**John W. McDONALD, Jr.**

**Civ. 566.**

Court of Civil Appeals of Alabama.

Feb. 25, 1976.

Odom, Robertson, Groenendyke &
Thompson, Birmingham, for appellant.

Norman K. Brown, Bessemer, for appellee.

**BRADLEY, Judge.**

Plaintiff appeals from a judgment of $600 in his favor. Although this appeal was initiated prior to December 1, 1975, the record on appeal was completed after November 1, 1975. Therefore, all subsequent steps and stages of review are governed by the Alabama Rules of Appellate Procedure (ARAP). Rule 49(3), ARAP.

Plaintiff's complaint, filed in the Circuit Court of Jefferson County, sought from defendant damages in the amount of $18,593.44 for labor done and materials furnished in constructing improvements on property owned by defendant. Plaintiff also sought the imposition of a mechanic's and materialman's lien on the property in question. Defendant answered by denying that he owed the amount claimed or any other amount and asks for removal of the lien. Trial was had before the court sitting without a jury and, at the conclusion thereof, judgment was rendered in favor of plaintiff for $600 and a lien was imposed on the subject property to aid the satisfaction of the judgment. Thereafter a motion for new trial was filed and later overruled.

The bond for costs on appeal filed in the trial court, and the citation of appeal issued by the register, show that the appeal was from the judgment on the merits and did not include the ruling on the motion for rehearing or new trial.

Plaintiff's brief includes under "Statement of the Issues" the following:

"The Court erred in failing to grant appellant's motion for new trial in that the preponderance and great weight of the evidence did not support the trial Court's decree. [Citations omitted.]"

However, it can be inferred from the argument in this brief that plaintiff seeks relief only from an alleged inadequacy of damages awarded in the judgment. Strictly speaking, the language in the statement of issues is far more general than this specific claim in the argument and cannot be viewed as pointing to the same error. Under prior practice, wherein assignments of error were required, such a variance would automatically preclude review of the question of adequacy of damages, *Western Steel Car & Foundry Co. v. Cunningham,* 158 Ala. 369, 48 So. 109. However, assignments of error are no longer required, Rule 20, ARAP.

The new appellate rules place emphasis on reaching the merits of litigation. We therefore construe the provisions of Rule 28(a)(3), ARAP, in light of this em-

**290**

phasis: it is incumbent on the appellate court to determine from appellant's brief whether an issue on the merits has been raised in a manner which is fair to all concerned.

The requisite statement of issues should be expressed tersely, with clarity and without ambiguity, and it must be informative in the sense that it provides to adverse parties in capsule form a fair basis for response and suggests to the appeals court an outline sketch of the relief available in the context of the existing scope and principles of review. Correspondingly, the argument of issues should be a complete expression of appellant's position regarding the stated issues. Formal inconsistency between the statement of issues and the argument of issues should not prevent us from reaching the merits of the argument unless the inconsistency is inexcusably pronounced, misleading, confusing, or otherwise prejudices an adverse party's ability to frame a response to the argument. The determination of these factors lies with the court to whom the brief is presented. In some respects, the brief before us is an example of the above mentioned departures from prescribed practice.

Taking this brief as an entirety, the only question on the merits fairly presented by plaintiff is whether or not the trial court erroneously denied the motion for new trial, a motion which the record discloses made no reference to the issue of adequacy of damages. We do not think that this brief fairly presents the issue of whether the decree below, independent of the ruling on the motion for new trial, granted damages inadequate on the weight of the evidence. We are thus not required to review this point. However, despite the apparent handicap, defendant did respond to this issue in his brief, and, in these circumstances, defendant suffering no actual hardship due to plaintiff's omissions, we determine that it is in keeping with the spirit of the ARAP to decide this question on its merits.

The evidence as to amount of damages was heard ore tenus by the trial judge sitting without a jury. His findings should be reversed only if clearly and palpably erroneous, *Department of Industrial Relations v. Price*, 42 Ala.App. 57, 151 So. 2d 797. Here the evidence is in conflict: several witnesses testified as to the amount owed plaintiff for labor and materials. Some of this testimony set the damages at several thousand dollars. Defendant's own testimony was to the effect that he paid everything he owed for work already completed, and that some of the completed work was unsatisfactory and had to be redone at his expense. In light of the testimony of damages ranging from zero to several thousand dollars, we perceive no palpable error in the trial court's award.

AFFIRMED.

WRIGHT, P. J., and HOLMES, J., concur.