Plaintiff's action was for breach of contract by her employer for failure to secure a policy of health insurance and for fraud in misrepresenting that she would be provided health insurance as a part of her employment.
The case was tried by a jury, with verdict and judgment for plaintiff in the sum of $4,574. Remittitur was ordered and accepted by plaintiff in the amount of $38.20. Motion for new trial was filed by defendant and denied. Defendant appealed.
The only issue presented on appeal is whether the trial court erred in refusing defendant's motion for new trial on the ground of excessiveness of the verdict.
We note in the beginning that defendant has failed to provide the court with any authority in support of the issue presented and thus is not in compliance with Rule 28, Alabama Rules of Appellate Procedure. We find its brief insufficient to *Page 90 
support the appeal for such failure. Defendant, as authority for its argument, cites as follows: "Alabama Digest, Key No. 94 and cases cited thereunder." Perhaps the obvious failure to provide the subject of the cited key number of the Alabama Digest was mere oversight. However, even had we been given the subject of Key No. 94, such citation would not be a proper authority as contemplated by Rule 28, ARAP. Providing a key number in the digest requires that this court find the probably numerous cases listed thereunder in the reporter and determine which of them, if any, supports the contention of the appellant. We decline to assume that task.
However, since the court had examined the argument of defendant and found it to be insufficient for reversal before noting the absence of supporting authority, the following comments are made: Defendant begins argument by contending there was no evidence presented from which the jury could find punitive damages.[1] That contention is inappropriate. It is not presented as an issue and would not be available if it were. The jury was charged as to punitive damages. Defendant did not object nor did it request a charge to the contrary. The instructions became the law of the case and defendant cannot on motion for new trial, nor here, complain that punitive damages could not be granted. Loch Ridge Construction Co. v. Barra,291 Ala. 312, 280 So.2d 745 (1973).
Subsequent to its first contention, defendant concedes that there was perhaps sufficient evidence of fraud to submit the issue of punitive damages to the jury, but it submits that the jury ran away with the privilege and awarded excessive punitive damages.
The appellate courts of this state have repeatedly held that the award of punitive damages is, if proper under the evidence, within the discretion of the jury, and unless so excessive or inadequate as to indicate undue passion, prejudice or some other improper sentiment, that discretion will not be reversed on appeal. To do so would be to substitute the court's judgment for that of the jury. Coffee General Hospital v. Henderson,338 So.2d 1022 (Ala.Civ.App. 1976); Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689 (1963). Though the award was stated by the trial court to consist largely of punitive damages and it was substantially more than the compensatory damages proved, we are unable to find it so grossly excessive as to shock the conscience of this court. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Intentional, gross, oppressive, aggravated, malicious fraud.Randell v. Banzhoff, 375 So.2d 445 (Ala. 1979); Proctor Agency,Inc. v. Anderson, 358 So.2d 164 (Ala. 1978).