Plaintiff-appellant seeks by this pro se appeal to have this court review a judgment adverse to him.
The function of the appellate court is to review the issues raised from the trial proceeding to determine whether prejudicial error has occurred. This court is committed to a policy of reaching the merits of every appeal where possible. However, appellant has failed to furnish this court with any legal issues to review and has not cited to any authority for reversal. Thus, this appeal falls squarely within the rule set forth in Davis v. Hartford Accident and Indemnity Co.,335 So.2d 688, 690 (Ala.Civ.App. 1976):
In a recent decision, Thoman Engineers, Inc. v. McDonald,57 Ala. App. 287, 328 So.2d 293, this court held that in the interest of reaching the merits, certain formal defects in the statement of issues will not prevent review if the true issues can be readily determined from the remainder of the brief or if the appellee suffers no prejudice. That is as liberal a construction of ARAP as this court intends to make. To attempt an ascertainment of the actual issues presented by this appeal would require that we delve into the realm of speculation, for the remainder of the brief confuses the issues rather than clarifying them, and this would cause us to exceed the limits of review established in Thoman Engineers. This we do not intend to do. Where, as here, the statements present no reviewable issues based on rulings below and the remainder of the brief is not helpful in amplifying the issues, this court will not take upon itself the task of legal research and writing necessary to organize appellant's contentions. It is incumbent on appellant to submit a brief containing clear and succinct issues based on rulings of the trial court. Wetzel v.Hobbs, 249 Ala. 434, 31 So.2d 639.
Since our review is not sufficiently invited to any ruling below, the judgment of the trial court is affirmed.
Likewise, this appeal is due to be affirmed.
AFFIRMED.
All Judges concur. *Page 144