The lawsuit which led to this appeal was filed by Anthony Wilger (Wilger) on behalf of himself and his family. Named as defendants were public officials of the State of Alabama, as well as social workers for the Montgomery and Macon County County Departments of Pensions and Security, the Montgomery Board of Education, Brantwood — The Children's Home, employees of the sheriffs' departments of Montgomery and Macon Counties, and other people with whom the Wilgers had had contact regarding their family problems. This appeal was taken by Wilger, acting pro se, following the dismissal of all of the twenty-eight named defendants, either on motions to dismiss or motions for summary judgment. The final order stated:
 The Court finding that all defendants have now been dismissed from this cause, the case be and it is hereby dismissed with prejudice. Costs are taxed against the Plaintiffs.
DONE this the 27th day of April, 1982.
We affirm.
As well as can be ascertained from the briefs of the parties and the entire record, *Page 1168 
the problems giving rise to this suit began in 1973, when the Montgomery County Department of Pensions and Security (the Department) filed a petition seeking to have Wilger's eight children declared dependent or neglected. As a result of the hearing held at that time, the children were declared dependent or neglected, and temporary custody was awarded to the Department. After that time, it appears that Wilger and his family were involved in numerous custody proceedings in the Family Court of Montgomery County. In 1976 the Department was given permanent custody of six of the children. While parental rights were not terminated with regard to the two oldest children, those two were removed from the physical custody of the parents. After 1976 the two oldest children seem to have lived in several temporary and foster homes. In November, 1979, Wilger filed a complaint in the United States District Court for the Middle District of Alabama, Northern Division, (complaint amended February 13, 1980). In that complaint Wilger named many of the same defendants and recited basically the same facts as in the case before us. After lengthy discovery and the filing of numerous motions, that case was dismissed.
In his complaint in the case before us, Wilger alleges that the defendants are responsible for kidnapping, abduction, false arrest, police brutality, rape, abortion without consent, perjury, slander, sex abuse, giving of liquor and marijuana to children, conflict of interest, etc. All of these acts were allegedly perpetrated against Wilger and/or members of his family. In his complaint under "Cause of Action," he asks the lower court to declare the best interest standard of Alabama unconstitutional, allow him one billion dollars for mental anguish, grant a trial by jury, and reunite his family.
Wilger, in his brief on appeal, raises no issues for our review, and cites no authorities for our consideration. The entire brief consists of repetitions of his allegations in the court below. Rule 28 (a)(3), ARAP, provides that the brief of appellant shall contain:
 A statement of the issues presented for review with principal authorities of law supporting each issue presented. . . .
When the appellant fails to invite the appellate court's review of any issues raised from the court below, the trial court's judgment is due to be affirmed. See Dethlefs v. Etnire,387 So.2d 201 (Ala. 1980); Wetzel v. Hobbs, 249 Ala. 434,31 So.2d 639 (1947); Welch v. Turner, 411 So.2d 143 (Ala.Civ.App. 1982). However, in the interest of reaching the merits of the litigation, we have reviewed the entire record, and find no reversible error on the part of the trial court. For that reason, also, the judgment of the court below is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.