The defendant has appealed from a monetary judgment rendered against him by the circuit court for surveyor fees found to be due to the plaintiff.
The formal requirements of an appellant's brief in a civil appeal to an appellate court are enumerated as follows:
 "(1) A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited;
 "(2) A statement of the case (The statement shall first indicate briefly the nature of the case, the course of proceedings and its disposition in the court below);
 "(3) A statement of the issues presented for review with principal authorities of law supporting each issue presented;
 "(4) A full statement of facts relevant to the issues presented for review, with appropriate references to the record (see sub-division (e));
 "(5) An argument. (The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on); and,
 "(6) A short conclusion stating the precise relief sought."
Rule 28 (a), A.R.A.P.
Here, the original appellant's brief was filed on March 12, 1983. He was notified by the clerk of this court on March 16, 1983 that his brief was defective under several specified appellate rules, and he was granted seven days within which to correct it. His subsequent brief was filed on March 21, 1983. Therein, the requisites of subsections (2) through (5) of Rule 28 (a), supra, were ignored inasmuch as they were combined and consolidated into one unit and are so commingled that it is difficult, if not impossible, to pinpoint with any particularity the issues which the appellant raised therein. The unsigned brief, as to those particular subsections, consists solely of an argument which is only based upon the facts. The only citation of any legal authority or precedent by the appellant was "Section 35, Code of Alabama." Such is an inadequate legal citation and is the equivalent of no citation.William Wilson Enterprises, Inc. v. Napier, 395 So.2d 89
(Ala.Civ.App. 1981). There are hundreds of sections *Page 1320 
numbered "35" in the latest code of this state. Where an appellant fails to cite any authority, we may affirm for it is neither our duty nor function to perform all of the legal research for an appellant. Welch v. Turner, 411 So.2d 143
(Ala.Civ.App. 1983); William Wilson Enterprises, Inc. v.Napier, supra; Blair v. York Engineering Co., 380 So.2d 878
(Ala.Civ.App. 1980). In short, the last brief of the appellant fails in many ways to substantially comply with Rule 28 (a).Thoman Engineers, Inc. v. McDonald, 57 Ala. App. 287,328 So.2d 293 (1976).
While this case could be summarily affirmed because of such major deficiencies in the appellant's brief, out of deference to the appellant we have attempted to resolve the various inadequacies of the brief. McNeill v. McNeill, 332 So.2d 387
(Ala.Civ.App. 1976). As to the merits of the case, we find no reversible error relative to any discernible issue which was probably attempted to be raised by the appellant. The ore tenus rule applies. The evidence supported the holding of the trial court, and it was not palpably wrong. McGee v. Firestone Tire Rubber Co., 394 So.2d 35 (Ala.Civ.App. 1981). No error resulted from the introduction of the surveyor's plat into evidence.City of Prichard v. Lasner, 406 So.2d 990 (Ala.Civ.App. 1981);Raines v. Williams, 397 So.2d 86 (Ala. 1981); Blair v. YorkEngineering Co., supra.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.