This is a paternity case.
On November 16, 1984 the parties, LaHearn Bishop and Curtis Tyrone Robinson, were divorced by final order of the Jefferson County Circuit Court. The divorce was granted on the pleadings. The wife's complaint alleged, among other things, that no children were born, or expected, of the marriage. However, the record reveals that approximately one month after the parties' marriage a child was born. The husband's answer denied all the allegations of the wife's complaint except with regard to his age, residence, and date and length of the marriage.
In April 1985 the husband filed a petition to modify the divorce, alleging that one child was born of the marriage and requesting visitation, as well as the right to pay child support. The wife responded, maintaining that the husband was not the child's father. The trial court dismissed the husband's petition to modify. However, at a subsequent paternity proceeding, the court determined the husband to be the child's father.
The wife appeals asserting the res judicata effect of the parties' divorce on the paternity determination.
We would be remiss if we proceeded further without pointing out the deficiencies of the wife's brief. Pursuant to Rule 28(a), Alabama Rules of Appellate Procedure, it is the appellant's duty to present his issues "with clarity and without ambiguity." Thoman Engineering, Inc. v. McDonald,57 Ala. App. 287, 328 So.2d 293 (Ala.Civ.App. 1976). Similarly, in his argument an appellant should fully express his position on the enumerated issues. Thoman, supra.
The wife's brief fails in both these respects. However, where possible, we prefer to decide a case on its merits. Thoman,supra. As the husband adequately responded to the sole issue raised by the wife and did not suffer as a result of the wife's brief, we choose to decide the case on its merits. Thoman,supra.
Turning to the issue raised by the wife's appeal, we note that "the humane instincts of civilized society are against supercritical legal technicalities which would bastardize children. . . ." Davis v. Davis, 255 Ala. 488, 51 So.2d 876
(1951). The wife would have the divorce decree accomplish this result.
Although the child was born only one month after the parties' marriage, Alabama law presumes that a man is "the natural father of a child if: (1) He and the child's natural mother are or have been married to each other and the child is born during the marriage. . . ." § 26-17-5(a)(1), Code 1975. Clear and convincing evidence tending to establish that the husband cannot be the father, either physically or biologically, is required to overcome this presumption. Curry v. Curry,402 So.2d 1019 (Ala.Civ.App. 1981). *Page 725 
Additionally, the wife cannot testify the parties' child was illegitimate, and if she does want to deny the child's legitimacy, the burden is on her to overcome the legitimacy presumption. Curry, supra. No evidence was offered at the time of the divorce to rebut the child's legitimacy. Further, the court's judgment failed to make any finding that stated the child was not the husband's.
The mother has asserted, and we agree, that paternity determinations are, as a general rule, res judicata. Julian v.Julian, 402 So.2d 1025 (Ala.Civ.App. 1981). However, we cannot say that the court's grant of the parties' divorce adjudicated the child's paternity and, in effect, bastardized the child, especially in the absence of proof that the marriage produced no offspring, and the failure of the court to mention a child in its decree.
Consequently, we conclude that the trial court did not err in naming the husband as the child's father.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.