This is an appeal from a final order of the Circuit Court of Geneva County.
Stewart, the appellee, has made a motion to dismiss this appeal on the grounds that appellants, the Braxtons, have failed to substantially comply with the requirements of Rule 28(a), Alabama Rules of Appellate Procedure.
We find that the Braxtons' brief, in fact, does not comply with Rule 28(a), A.R.A.P.
Generally, the policy of the Court of Civil Appeals is to reach the merits of an appeal whenever possible. Battles v. SanAnn Service Inc., 441 So.2d 925 (Ala.Civ.App. 1983).
However, we find that the Braxtons' brief so fails to comply with Rule 28(a), A.R.A.P., that we are left with no choice but to affirm the trial court.
We quote the mandatory language of Rule 28, A.R.A.P:
 "(a) Brief of the appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
 "(1) A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited;
 "(2) A statement of the case (The statement shall first indicate briefly the nature of the case, the course of proceedings and its disposition in the court below);
 "(3) A statement of the issues presented for review;
 "(4) A full statement of facts relevant to the issues presented for review, with appropriate references to the record (see subdivision (e));
 "(5) An argument (The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on); and,
 "(6) A short conclusion stating the precise relief sought." *Page 286 
Turning to the Braxtons' brief, we find that the following required parts are either lacking or not readily discernible: (1) a table of cases; (2) a statement of the case, indicating briefly the nature of the case; (3) a statement of the issues; (4) a full statement of facts relevant to the issues presented for review; (5) an argument containing the contentions of the appellant with respect to the issues presented; and (6) a short conclusion, stating the precise relief sought.
An appellate court must determine from the appellant's brief whether an issue on the merits has been raised in a manner which is fair to all those concerned. Thoman Engineers, Inc. v.McDonald, 57 Ala. App. 287, 328 So.2d 293 (Ala.Civ.App. 1976).
 "The requisite statement of issues should be expressed tersely, with clarity and without ambiguity, and it must be informative in the sense that it provides to adverse parties in capsule form a fair basis for response and suggests to the appeals court an outline sketch of the relief available in the context of the existing scope and principles of review."
Thoman Engineers, Inc., 328 So.2d at 294 (Emphasis supplied).
Stated another way, Rule 28(a) is mandatory with regard to both the form and substance of the appellant's brief, serving the dual function of clarifying the issue(s) on appeal to allow an effective response by the adverse party, and providing the appellate court with a reasoned argument and an avenue of available relief, based upon such issue(s). When, as here, the rule is not followed closely, the purpose which Rule 28(a), A.R.A.P., serves is thwarted.
An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal unless presented and argued in brief. Ex parte Riley,464 So.2d 92 (Ala. 1985).
The Braxtons' brief, as pointed out by the appellee, neither adequately presents any issues for review nor, consequently, presents any reasoned argument stating their contentions. In sum, the Braxtons' brief is to this court not comprehensible as a result of its numerous deficiencies.
When the appellant has failed to comply with Rule 28(a), A.R.A.P., he is in a perilous position. While this court hesitates to dismiss an appeal or affirm a judgment on what appears to be a technicality, we are sometimes unable to address the merits of an appellant's claim when the appellant fails to articulate that claim. Under appropriate circumstances we will refuse to consider the appeal.Lambert v. Pinckard Agency, Inc., 516 So.2d 697 (Ala.Civ.App. 1987).
The appellee has requested sanctions as provided by Rule 38, A.R.A.P. In view of the above, we decline to apply Rule 38, A.R.A.P.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.