RICHARD L. HOLMES, Retired Appellate Judge.
The plaintiff sued the defendant for negligently allowing the defendant’s automobile to strike the plaintiff.
The record reveals that the defendant was served a copy of the complaint and that the defendant filed a pro se answer. The record further reveals that the ease was set for trial. Notice of the setting for trial was mailed to the defendant. The defendant did not appear at trial, and after testimony was taken, judgment was entered in favor of the plaintiff in the amount of $25,000.
The defendant appeals pro se, raising numerous issues. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Rule 28, A.R.A.P., sets out the requirements for an appellate court brief. After careful review, it is clear to this court that the defendani/appellant has failed to comply with this rule. In fact, we cannot, in the main, discern what issues the appellant is attempting to raise.
An appellate court is left with no choice but to affirm the trial court where the appellant’s brief is either lacking required parts or the required parts are not readily discernible. Braxton v. Stewart, 539 So.2d 284 (Ala.Civ.App.1988).
We would note, as indicated above, contrary to some of the defendant’s verbiage, that the record does reveal that the defendant was served with the complaint and mailed a copy of the “court date.”
In any event, the case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.