CRAWLEY, Judge.
Jason Benjamin (“the husband”) and Alyson N. Benjamin (“the wife”) were divorced in October 2001. Pursuant to the divorce judgment, the husband and the wife were each ordered to pay $200 per month to the wife’s father, who had loaned the couple $31,000. In addition, the husband was ordered to pay $608 per month in child support and $3,000 for the wife’s attorney fees. The judgment specifically reserved the issue of periodic alimony.
In March 2002, the wife filed a “Petition for Enforcement and Contempt and to Modify the Final [Judgment] of Divorce,” in which she alleged that the husband had failed to pay his $200 monthly payment to her father and the $3,000 in attorney fees to her former attorney. The wife requested that the husband be held in contempt for his failure to pay the moneys he was ordered to pay. She further requested that the trial court award her alimony because the husband had failed to make his payments on the debt to her father as required by the divorce judgment.
Also in March 2002, the husband filed for Chapter 7 bankruptcy protection. Pursuant to the automatic-stay provisions of the bankruptcy code, see 11 U.S.C. § 362, the husband’s creditors, including the wife’s father, could not seek payment of any amounts owed to them. The debt to the wife’s father was listed on the husband’s bankruptcy petition; however, at the time of the hearing on the wife’s petition, the bankruptcy court had not yet determined whether the husband’s debt to the wife’s father was dischargeable.
At trial, the husband represented himself. The only testimony was that of the husband and of the wife; each submitted an exhibit outlining their monthly expenses. The trial court, in its judgment, indicated that it had “stayed” the trial on the contempt issue because of the automatic-stay provisions of the bankruptcy code. However, it considered the wife’s request for alimony and awarded her $250 per month in periodic alimony. The trial court made the judgment final pursuant to Rule 54(b), Ala. R. Civ. P. The husband appeals, arguing that the trial court did not have jurisdiction to determine the dischargeability of the debt to the wife’s father and that the wife failed to show a change in circumstances sufficient to warrant an award of alimony, especially in light of his inability to pay. We reverse.
The husband first argues that the trial court did not have jurisdiction to determine the dischargeability of the debt owed to the wife’s father. The trial court, however, did not make such a determination. It simply determined — based on the fact that the husband had filed a petition *272 in bankruptcy, the automatic stay preventing collection of the debt from the husband, and the husband’s failure to pay his portion of the debt — that the circumstances of the parties had changed. The husband admits that the trial court had the authority to award alimony even while the bankruptcy was pending. Hunter v. Hunter, 706 So.2d 753, 754 (Ala.Civ.App.1997); Frankel v. Frankel, 274 N.J.Super.585, 591, 644 A.2d 1132, 1135 (1994); In re Becker, 136 B.R. 113, 116 (Bankr.D.N.J.1992). Therefore, we do not agree that the trial court was without jurisdiction in this case when it awarded the wife alimony.
The husband also argues that the wife did not prove a change of circumstances warranting the award of alimony. See, generally, Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App.1995) (stating that alimony may be modified if the petitioner proves that a material change of circumstances warranting a modification has occurred); see also Crenshaw v. Crenshaw, 816 So.2d 1046, 1047 (Ala.Civ.App.2001) (holding that a trial court’s award of alimony upon petition after an initial reservation of the issue of alimony in the original divorce judgment requires a showing of a material change in circumstances). The wife argues in response that the husband’s bankruptcy and the resulting stay created a change in circumstances because, she says, she became responsible for the entire $400 monthly repayment of the loan from her father. She testified that she had not made all the required payments to her father because she did not have sufficient funds with which to meet all of her expenses and repay the loan.
The wife correctly notes that this court has held that a husband’s discharge in bankruptcy of an alimony-in-gross award and the marital debts he was required to assume pursuant to the divorce judgment can be a material change of circumstances warranting a modification of periodic alimony. See Thornburg v. Thornburg, 628 So.2d 885, 887 (Ala.Civ.App.1993); see also Smith v. Smith, 741 So.2d 420, 422 (Ala. Civ.App.1999). The wife, according to a handwritten exhibit in the record, has a gross monthly income of $2,166. She also receives $608 per month in child support. She reported that her monthly expenses were $3,355. We agree that the wife has shown a material change in circumstances — the husband’s bankruptcy stay, which placed her in the position of having to attempt to pay $400 instead of $200 per month on the debt due to her father.
However, a trial court is not required to modify alimony because of a change in the circumstances of the parties. Kiefer, 671 So.2d at 711. The court should still consider the earning capacity of each spouse, the payee spouse’s need for alimony, the payor spouse’s ability to pay alimony, and each spouse’s estate. Id. Athough a trial court’s determination that a modification of alimony is warranted is presumed correct, this court can reverse a trial court’s award of alimony if the award is not supported by the evidence, if it is plainly and palpably wrong, or if, in entering the award, the trial court abused its discretion. Id.
Athough not specifically raised in the husband’s statement of his issues, the husband states in his brief that the trial court abused its discretion by awarding the wife $250 per month alimony when the evidence demonstrates that he cannot afford to pay. The wife responded to that argument in her brief. Accordingly, we will address the issue.[1]
*273 A careful examination of the evidence regarding the husband’s income and expenses reveals that the husband cannot possibly afford to pay the wife $250 per month in alimony. Although numerous mathematical errors were made in the computations at trial, by both the husband and the trial court, the evidence establishes that the husband’s monthly net income is $1,679. His monthly child-support obligation is $608. His monthly living expenses total $1,074.50. Once his $608 child-support obligation is deducted from his monthly net income, the husband has $1,071 remaining. That amount does not cover his monthly living expenses of $1,074.50.
Although we agree that the trial court had jurisdiction to award the wife periodic alimony and that the wife did prove that a material change in circumstances occurred by reason of the husband’s filing of a petition in bankruptcy, we cannot agree that the trial court had the discretion to award the wife $250 per month in alimony when the record reflects that the husband cannot afford to pay that amount.[2] The award is not supported by the evidence; it amounts to an abuse of discretion. Therefore, we reverse the judgment awarding the wife alimony.
REVERSED AND REMANDED.
PITTMAN and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result.
THOMPSON, J„ dissents.

. Our "appellate rules place emphasis on reaching the merits of litigation.” Thoman *273 Eng’rs Inc. v. McDonald, 57 Ala.App. 287, 289, 328 So.2d 293, 295 (Civ.App.1976). In McDonald this court stated its duty in respect to the review of an appellant’s brief under Rule 28, Ala. R.App. P.: “to determine ... whether an issue on the merits has been raised in a manner which is fair to all concerned.” McDonald, 57 Ala.App. at 290, 328 So.2d at 294. Despite finding that the appellant's brief did not fairly present a particular issue, the McDonald court stated:
“We are thus not required to review this point. However, despite the apparent handicap, [the appellee] did respond to this issue in his brief, and, in these circumstances, [the appellee] suffering no actual hardship due to [the appellant's] omissions, we determine that it is in keeping with the spirit of the [Ala. R.App. P.] to decide this question on its merits.”
McDonald, 57 Ala.App. at 290, 328 So.2d at 295. See also Kirksey v. Roberts, 613 So.2d 352, 353 (Ala. 1993) (stating that our supreme court will consider a case on the merits even if the appellant's brief fails to comply with Rule 28 and does not contain any authority in support of the appellant's claims if the court is able to adequately discern the issues presented); Bishop v. Robinson, 516 So.2d 723, 724 (Ala.Civ.App.1987)(stating that, if the ap-pellee adequately responds to the issues raised by the appellant in her brief, the court can consider the merits of the case despite the failure of the appellant to comply with Rule 28, in light of the preference that cases be decided on the merits).

. The husband’s bankruptcy will certainly relieve him of certain debts; however, it does not appear that the husband’s monthly expenses, as reported on his trial exhibit, include any debt payments that would be discharged by the pending bankruptcy.