MURDOCK, Judge,
concurring in part and dissenting in part.
I concur in that portion of the main opinion reversing the trial court’s dismissal of the husband’s claims against South-Trust; I respectfully dissent as to that portion of the main opinion affirming the trial court’s dismissal of the husband’s claims against the wife.
The main opinion analyzes the dismissal of the husband’s claims against SouthTrust as a dismissal under Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim upon which relief could be granted. I agree with this analysis insofar as it goes.
I find it important, however, for the proper disposition of both the husband’s appeal as to his claims against SouthTrust and the husband’s appeal as to his claims *1225 against the wife, to note that SouthTrust’s “motion to dismiss” that was granted by the trial court was not based solely on Rule 12(b)(6). Rather, as discussed by the husband in his brief on appeal, the bulk of SouthTrust’s motion is devoted to assertions that a series of affirmative defenses justify the dismissal of the husband’s complaint. Those affirmative defenses include a paragraph in which SouthTrust “joins in the motion to dismiss heretofore filed by the [wife] and adopts the request for relief contained therein and the grounds offered in support thereof.” The grounds offered in the wife’s motion were solely in the nature of affirmative defenses.[3] In addition, SouthTrust’s motion expressly asserts the affirmative defenses of res judicata, collateral estoppel, release, waiver, and accord and satisfaction. Significantly, the record contains no indication of which of the grounds in SouthTrust’s motion to dismiss served as the basis for the trial court’s decision to grant that motion. The record contains only a brief entry on the case action summary sheet: “Upon [hearing] Deft’s SouthTrust Bank Inc. and Cynthia Dawn Smith’s Motion to Dismiss is Hereby Granted.”
Included in the statement of the standard of review in the husband’s brief, are, among other things, descriptions of the appellate standard of review both for a dismissal of a complaint pursuant to Rule 12(b)(6) and for a summary judgment. No doubt because SouthTrust’s motion to dismiss was based primarily upon affirmative defenses requiring consideration of matters outside the pleadings and because the wife’s “motion to dismiss” was based exclusively on matters outside the pleadings, the husband quoted the following passage from American Trust Corp. v. Champion, 793 So.2d 811, 813 (Ala.Civ.App.2001), in which this court stated the appropriate standard of review of a motion to dismiss involving matters outside the pleadings:
“Because, on the issue of res judicata, the trial court considered matters outside the pleadings, we conclude that the motion to dismiss on that ground should be treated as one for a summary judgment, and that we should review the res judicata issue by the summary-judgment standard. We review a summary judgment de novo. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law.”
Insofar as the both SouthTrust’s and the wife’s motions are based upon the assertion of affirmative defenses, the above-quoted standard of review is, of course, correct. Unless the facts necessary to establish the affirmative defenses asserted by the defendants are affirmatively shown to be true in the plaintiffs complaint (which would then convert the motion to dismiss to one for a judgment on the pleadings pursuant to Rule 12(c), Ala. R. Civ. P.), a motion to dismiss dependent on such extraneous facts would require con *1226 sideration of matters, i.e., evidence, outside the pleadings and could not be granted if genuine issues exist as to such facts.
Although found in section I of the “Argument” portion of the husband’s brief, which is devoted primarily to the dismissal of the husband’s claims against South-Trust, the following argument is made on appeal by the husband:
“Judgment on the pleadings and motion to dismiss share a similar analysis. A judgment on the pleadings approaches from a negative aspect: a party is not entitled to a judgment on the pleadings unless the pleadings show no material facts in dispute. See Stockman v. Echlin, Inc., 604 So.2d 393 (Ala.1992). Positively, as to a dismissal, ‘[i]t is never proper to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief.’ Dunson v. Friedlander Realty, 369 So.2d 792 (Ala.1979).
“As the Pleadings plainly show a dispute of material fact between [the husband] and the Appellees, the Court could not have properly made a judgment on the pleadings or a dismissal.”
Appellant’s brief at p. 10 (emphasis added).
The husband reviews in detail the factual elements which must be shown to prove the affirmative defenses of res judicata, collateral estoppel, and accord and satisfaction.[4] The husband’s brief then states:
“The marital debt settlement provisions in paragraph nine of the divorce judgment do not include the violation of the line of credit agreement between SouthTrust and [the husband].... The specifics of allegations of the complaint and the unnamed account in the agreement disagree greatly as to the amounts owed and as to whether the account is joint or solely owned by [the husband].
“Simply stated, the parties did not address the Home Equity Line of Credit in their Settlement Agreement. The parties properly did not make South-Trust a party to the divorce.
“[The wife], in her Motion to Dismiss, admits to the allegations in the complaint when she says: 'Plaintiff and Defendant were husband and wife at the time the events complained of occurred.’ ... Factual issues therefore remain as to conversión, negligence, liability of [the wife] and/or SouthTrust for damages.”
Finally, in section III of the “Argument” portion of his brief,[5] the husband argues as follows:
- “[The wife’s] motion to dismiss reads in terms of the affirmative defenses raised by SouthTrust.... She states that she ‘would pay the disputed debts from proceeds of the accident’ recovery. ... The divorce settlement agreement reads similarly.... [The wife] admits to the allegations in the complaint when she says: ‘Plaintiff and Defendant were husband and wife at the time the events complained of occurred.’ Factual issues therefore remain as to conversion, negligence, liability of [the wife] and/or SouthTrust for damages.
“The elements of res judicata, estop-pel and accord and satisfaction ... apply equally to [the wife’s] motion as they do to SouthTrust.
“The issues presented in this cause were not addressed in the divorce.... Neither the Home Equity Line of Credit, nor the amount drawn from that account by [the wife], appears in the Settlement Agreement. As these issues *1227 have not been previously litigated and remain unsettled between the parties to the divorce, [the husband’s] complaint contains factual issues that should be heard and not dismissed.”
Appellant’s brief at pp. 15-16.
In her brief to this court, the wife addresses the merits of the arguments made by the husband by reviewing the elements of res judicata and arguing that those elements exist in the present case. Apparently in reference to the assertion in her motion to dismiss that the husband’s claims should have been raised before the same court that entered the parties’ divorce judgment, the wife then argues that the husband should have filed a contempt action in that court.
I believe the husband’s brief fairly apprises the wife of the arguments the husband asserts as grounds for reversal. As this court recently recognized:
“Our ‘appellate rules place emphasis on reaching the merits of litigation.’ Thoman Eng’rs Inc. v. McDonald, 57 Ala.App. 287, 289, 328 So.2d 293, 295 (Civ.App.1976). In McDonald this court stated its duty in respect to the review of an appellant’s brief under Rule 28, Ala. R.App. P.: ‘to determine ... whether an issue on the merits has been raised in a manner which is fair to all concerned.’ McDonald, 57 Ala.App. at 290, 328 So.2d at 294.”
Benjamin v. Benjamin, 858 So.2d 270, 272 n. 1 (Ala.Civ.App.2003). See Rule 1, Ala. R.App. P. (“[The Rules of Appellate Procedure] shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.”); see also Propst v. Brown, 250 Ala. 282, 34 So.2d 497 (1948).
In addition, the wife obviously understood the arguments being made and was not prejudiced by the order or manner of presentation of those arguments in the husband’s brief. Our observations in Benjamin v. Benjamin with respect to the appellee’s responsive brief are therefore equally applicable in the present case:
“ ‘[D]espite the apparent handicap, [the appellee] did respond to this issue in his brief, and, in these circumstances, [the appellee] suffering no actual hardship due to [the appellant’s] omissions, we determine that it is in keeping with the spirit of the [Ala. R.App. P.] to decide this question on its merits.’
“[Thoman Eng’rs Inc. v.] McDonald, 57 Ala.App. [287] at 290, 328 So.2d [293] at 295 [(Civ.App.1976)]. See also Kirksey v. Roberts, 613 So.2d 352, 353 (Ala.1993) (stating that our supreme court will consider a case on the merits even if the appellant’s brief fails to comply with Rule 28 and does not contain any authority in support of the appellant’s claims if the court is able to adequately discern the issues presented); Bishop v. Robinson, 516 So.2d 723, 724 (Ala.Civ.App.1987)(stating that, if the appellee adequately responds to the issues raised by the appellant in her brief, the court can consider the merits of the case despite the failure of the appellant to comply with Rule 28, in light of the preference that cases be decided on the merits).”
Benjamin, 858 So.2d at 272 n. 1.
Based on the foregoing, I respectfully dissent as to the main opinion’s conclusion that the husband has not presented an adequate argument with respect to whether. the trial court should have granted the wife’s “motion to dismiss.” Further, because I find the husband’s argument to be meritorious, I would reverse that portion of the trial court’s judgment granting the wife’s “motion to dismiss.”

. As discussed further below, the primary assertion in the wife's motion to dismiss was that any obligation by the wife to repay the husband for moneys withdrawn from the husband's home-equity line of credit was subsumed in the parties’ divorce settlement agreement. The wife’s motion suggests, but does not expressly state, defenses in the nature of res judicata or contractual waiver, arising out of the parties' settlement of their divorce and the judgment resulting therefrom. The motion concludes with the additional contention, based upon the wife's assertion that "the property settlement between [the husband] and [the wife]” addressed the debt at issue, that any further litigation should be addressed in the court that handled the parties’ divorce. Nowhere in her "motion to dismiss” does the wife seek the dismissal of the husband's complaint on the Rule 12(b)(6) ground of "failure to state a claim upon which relief can be granted.”

. The brief also contains arguments regarding waiver as that affirmative defense relates to SouthTrust's motion to dismiss.

. Section III is entitled "WHETHER the court erred when it granted [the wife’s] motion to dismiss?”