I dissent from the majority's affirmance, on the basis of Rule 28, Ala. R.App. P., of the circuit court's decision upholding the Personnel Board's termination of Perry's employment. While I recognize that a pro se litigant is held to the same standard as a litigant represented by counsel, see Black v. Allen,587 So.2d 349 (Ala.Civ.App. 1991), I also recognize that our "appellate rules place emphasis on reaching the merits of litigation," see Thoman Eng'rs, Inc. v. McDonald,57 Ala.App. 287, 289, 328 So.2d 293, 295 (Ala.Civ.App. 1976).
In McDonald, this court stated its duty with respect to the review of an appellant's brief under Rule 28: "[T]o determine . . . whether an issue on the merits has been raised in a manner which is fair to all concerned." 57 Ala.App. at 290,328 So.2d at 294-95. The McDonald court concluded that, despite the appellant's noncompliant brief, it was fair to review the merits of the appeal because the appellee addressed the merits in its brief and "suffer [ed] no actual hardship due to [the appellant's] omissions." 57 Ala.App. at 290, 328 So.2d at 295. In this appeal, the briefs of the Department of Corrections and the Personnel Board also address the merits and do not mention either Rule 28 or any inability on their part to discern the issues. *Page 1041 See also Kirksey v. Roberts, 613 So.2d 352, 353 (Ala. 1993) (stating that our supreme court will consider a case on the merits even if the appellant's brief fails to comply with Rule 28 if the court is able to discern the issues presented); Bishop v.Robinson, 516 So.2d 723, 724 (Ala.Civ.App. 1987) (stating that, if the appellee adequately responds to the issues raised by the appellant in its brief, the court can consider the merits of the case despite the appellant's failure to comply with Rule 28, in light of the preference for deciding cases on the merits).
Perry had a lawyer who filed a 45-page brief in the circuit court proceeding. That brief complies with Rule 28, Ala. R.App. P. The circuit court was not acting as a trial court; rather, it conducted a record review of the Personnel Board proceedings and a review of the briefs of the parties. This court is not bound by the holding of the United States Court of Appeals for the Sixth Circuit that disallows incorporation by reference of trial briefs. Moreover, the Sixth Circuit Court of Appeals' case cited by the majority, Northland Insurance Co. v. Stewart Title Guar.Co., 327 F.3d 448 (6th Cir. 2003), is distinguishable. In that case, the appellant "purport[ed] to incorporate by reference . . .three different documents it filed with the [trial] court."327 F.3d at 452. The Sixth Circuit Court of Appeals stated:
 "[The appellant] . . . invites us to unearth its arguments lodged here and there in [a] joint appendix, leaving it to us to skip over repetitive material, to recognize and disregard any arguments that are now irrelevant, and to harmonize the arguments in the various documents."
Id. In a parenthetical description of the holding in DeSilvav. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999), the Sixth Circuit Court of Appeals stated: "`A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.'" Id.
If it reviewed the case on its merits, this court would not be required to "unearth" anything. The appellant's circuit court brief is easily accessible and contained in one place in the record. In keeping with the spirit of our appellate rules and the preference to decide cases on the merits whenever possible, I would address the merits of Perry's appeal.