On Application for Rehearing

CRAWLEY, Judge.
The opinion of this court issued September 5, 2003, is withdrawn, and the following is substituted therefor.
M.E.T. (“the alleged biological father”) and M.F. (“the mother”) engaged in a relationship during the summer and fall of 2001. During that relationship, the mother became pregnant. The parties discontinued their relationship in December 2001, and the mother began dating C.E.M. some time thereafter. The mother and C.E.M. (“the presumed father”) were married in June 2002. M.S.M. (“the child”) was born in August 2002.
Prior to.the child’s birth, in July 2002, the alleged biological father filed a petition in which he sought to establish the paternity of the child. The mother filed a motion to dismiss the petition, or, in the alternative, a motion for a summary judgment, arguing that the alleged biological father had no standing to pursue his claim because the presumed father was persisting *394 in his presumption of paternity under Ala. Code 1975, § 26 — 17—5(a)(1) (the presumed father was married to the mother at the time of the child’s birth). See Ex parte Presse, 554 So.2d 406 (AJa.1989) (holding that an alleged biological father lacked standing to pursue a paternity claim when a presumed father persisted ■ in the presumption of paternity under §, 26-17-5(a)(1)). The alleged biological father filed a response to the mother’s motion, arguing that § 26-17-5 was unconstitutional; he properly served the attorney general with notice of his constitutional challenge to § 26-17-5. See Ala.Code 1975, § 6-6-227. The trial court dismissed the alleged biological father’s petition, and he appeals. On appeal, the alleged biological father asserts that § 26-17-5(a) is unconstitutional under both the Alabama and the United States Constitutions because, he alleges, it denies him both equal protection and due process. We affirm on the authority of Ex parte Presse.
The alleged biological father argues first that § 26-17-5(a) violates his right to equal protection under both the United States and the Alabama Constitutions because, he alleges, it discriminates on the basis of gender by allowing a mother to challenge a presumed father’s paternity while denying an alleged biological father like himself that right. The alleged biological father cites several Alabama cases on equal protection; however, those cases predate Ex parte Melof, 735 So.2d 1172, 1186 (Ala.1999), in which the Alabama Supreme Court held that the Alabama Constitution does not contain an express equal-protection provision. The court’s opinion in Ex parte Melof does not clearly indicate how, or even whether, an equal-' protection claim like the one asserted in this case by the alleged biological father should be examined under Alabama law. Even ■ Justice See’s concurring opinion in Ex parte Melof, in which he indicates that,despite the absence of an express equal-protection provision, a “claim of denial of equal protection [could be] cognizable under the Constitution of Alabama,” requires that such an argument “be founded in the language of the constitution.” Melof, 735 So.2d at 1194 (See, J., concurring specially). The alleged biological father’s argument is not based on the language of any of the provisions of the Alabama Constitution that have historically been held to form the basis of a right to equal protection. Accordingly, we will not address the alleged biological father’s argument that § 26-17-5(a) violates his right to equal protection under the Alabama Constitution.
The alleged biological father does not discuss the application of federal equal-protection analysis in arguing that § 26-17-5(a) is constitutionally infirm. -He does mention the Fourteenth Amendment to the United States Constitution in a sentence, but he cites no federal case involving the application of federal equal-protection analysis. See Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996) (stating that “[t]his court will address only those issues properly presented and for which supporting authority has been cited” (emphasis added)). Moreover, the brief filed on behalf of the State does not properly discuss the application of federal equal-protection analysis. See generally Thoman Eng’rs, Inc. v. McDonald, 57 Ala.App. 287, 289, 328 So.2d 293, 295 (Civ. 1976) (indicating that this court will consider the merits of an appeal despite an appellant’s failure to comply with Rule 28, Ala. R.App. P., if the appellee adequately responds to the issue in his brief). Accordingly, we decline to do the alleged biological father’s research and to properly develop an argument on this issue.
The alleged biological father also argues that § 26-17-5(a) violates his right *395 to due process. In support of this argument, he cites Justice Maddox’s dissent in Ex parte Presse, 554 So.2d at 418^132. The majority of the court in Ex parte Presse determined that § 26-17-5(a) does not violate an alleged biological father’s due-process rights, quoting at length from the United States Supreme Court’s opinion in Michael H. v. Gerald D., 491 U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989). Although the alleged biological father correctly points out that Michael H. was a plurality opinion, the Alabama Supreme Court adopted the rationale in Michael H., in part, as a basis for the holding in Ex parte Presse; therefore, we see no reason to find that that reliance on a “mere plurality opinion” of the United States Supreme Court somehow undermines the validity of the holding by a majority of the Alabama Supreme Court in Ex parte Presse. As an intermediate appellate court, we are bound by the precedent set by the Alabama Supreme Court. See Ala. Code 1975, § 12-3-16. We are not at liberty to overrule or modify decisions made by the Alabama Supreme Court. Thompson v. Wasdin, 655 So.2d 1058 (Ala.Civ.App.1995). Accordingly, we must, based on Ex parte Presse, find that the alleged biological father’s due-process argument fails.
The mother’s request for an attorney fee on appeal is denied.
OPINION OF SEPTEMBER 5, 2003, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
YATES, P.J., and THOMPSON, J., concur.
PITTMAN and MURDOCK, JJ., concur in the result, without writing.