THOMAS, Judge,
dissenting.
I respectfully dissent from the main opinion’s reversal of the trial court’s judgment.
“The Alabama Supreme Court has stated that ‘the law is settled that weighing evidence is not the usual function of an appellate court. This is especially true where ... the assessment of the credibility of witnesses is involved.’ Knight v. Beverly Health Care Bay Manor Health Care Ctr., 820 So.2d 92, 102 (Ala.2001) (citation omitted). Accordingly, appellate courts in this state generally do not review evidence in order to make factual conclusions; instead, they review judgments in order to determine whether the trial court committed reversible error.”
J.C. v. State Dep’t of Human Res., 986 So.2d 1172, 1184 (Ala.Civ.App.2007).
The trial court was faced with widely disparate testimony regarding the parties’ past behavior. Lucile Williams Ray (“the wife”) claimed that Daniel Ray (“the husband”) had physically and mentally abused her throughout the marriage; the husband made similar allegations against the wife, including that the wife’s actions had caused him to lose the use of an eye. The wife testified that the husband had forbidden her to work outside the home; the husband testified that the wife refused to work. Additionally, the wife testified that the husband would leave the marital residence for various intervals of time; however, although the husband admitted that he had participated in an in-patient drug-rehabilitation program for a drug addiction in the 1990s, he denied that he had ever abandoned the marital residence.
Moreover, the husband testified that he earned approximately $500 per week, or $2,000 per month, but that his monthly expenses were $2,075, resulting in a $75 deficit. Even after the petitioning spouse .establishes a need for alimony, a trial court should still consider whether the responding spouse has the ability to pay. Shewbart v. Shewbart, 64 So.3d 1080, 1088 (Ala.Civ.App.2010) (citing Herboso v. Herboso, 881 So.2d 454, 458 (Ala.Civ.App.2003)). This appeal exemplifies the “classic financial morass encountered upon a divorce when the incomes of the former spouses prove inadequate to maintain two separate households.” Gates v. Gates, 830 So.2d 746, 750 (Ala.Civ.App.2002). Further, this court concluded in Benjamin v. Benjamin, 858 So.2d 270, 273 (Ala.Civ.App.2003), that the trial court had committed reversible error when it ordered the former husband to pay periodic alimony although the record clearly indicated that the former husband’s expenses exceeded his monthly net income.
*1236 “ ‘The trial eoürt must be allowed to be the trial court; otherwise, we (appellate court judges and justices) risk going beyond the familiar surroundings of our appellate jurisdiction and into an area with which we are unfamiliar and for which we are ill-suited—fact finding.' Ex parte R.T.S., 771 So.2d 475, 477 (Ala.2000). I also note that, 'even though this court might have reached a different decision than that reached by the trial court, such does not constitute a basis for our reversal of the trial court which heard the evidence and observed the witnesses.' Grimsley v. Grimsley, 545 So.2d 75, 77 (Ala.Civ.App.1989).”
Grocholski v. Grocholski, 89 So.3d 123, 135 (Ala.Civ.App.2011) (Thomas, J., concurring in part and dissenting in part).
I recognize that the trial court awarded the husband his retirement accounts in their entirety even though he testified that the retirement benefits, were accrued during the marriage.- However, I also note that the wife did not introduce any evidence indicating the amount of the husband’s retirement benefits. It is well settled that “the spouse seeking an award of retirement benefits bears • the burden of proving the amount of retirement benefits that were accumulated during the marriage.” Payne v. Payne, 48 So.3d 651, 654 (Ala.Civ.App.2010).
Considering the foregoing, and the deference given to a trial court’s-determination regarding such matters, see Turnbo v. Turnbo, 938 So.2d 425, 429-30 (Ala.Civ.App.2006), I discern no reversible error of the trial court in failing to award the wife periodic, alimony. Therefore, I would affirm'the judgment of the trial court.
DONALDSON, J., concurs.