MOORE, Judge.
D.B. (“the grandmother”) appeals from a judgment entered by the Morgan Juvenile Court (“the juvenile court”) denying her petition seeking to find S.E. (“the child”) dependent. We affirm.

Procedural History

On August 22, 2013, the Morgan County Department of Human Resources (“DHR”) filed a petition alleging that the child was dependent. On November 5, 2013, T.E. (“the mother”) filed a petition seeking the return of the custody of the child, who had been placed in the grandmother’s home pursuant to a safety plan. On February 24, 2015, the juvenile court entered an order noting that DHR had requested to dismiss its petition, granting DHR’s request, and returning custody of the child to the mother. On March 3, 2015, the grandmother filed a petition opposing the return of the custody of the child to the mother and requesting that she be awarded custody of the child. On March 4, 2015, the juvenile court entered an order stating that it was treating the grandmother’s petition as a motion to set aside the February 24, 2015, judgment and to intervene in the action. The juvenile court set aside the February 24, 2015, judgment insofar as it “dismissed the matter on the issue of dependency,” but it ordered that the portions of the judgment releasing DHR from the matter and returning the custody of the child to the mother were to remain in effect. The juvenile court also allowed the grandmother “to intervene as a petitioner alleging dependency” and stated that the issue of custody would “be addressed further at the adjudication hearing.”
On June 5, 2015, the grandmother filed an amended dependency and custody petition. On June 11, 2015, the grandmother filed a motion for a forensic interview of the child concerning allegations of sexual abuse that the child had allegedly made against her father, S.F. (“the father”). On June 16, 2015, the mother answered the amended petition. On June 18, 2015, the mother filed a response in opposition to the motion for a forensic interview, asserting that the allegations of sexual abuse had been made in 2012 and had been investigated by the appropriate authorities. That same day, the child’s guardian ad *1257 litem filed a response to the motion for a forensic interview, arguing that
“to subject the minor child to a ‘forensic evaluation,’ after the case has been reviewed by the Decatur Police Department, Morgan County Sheriffs Department and the Decatur Advocacy Center, none of which law enforcement agencies having deemed there to be sufficient evidence to proceed beyond listening to the complaint of the [grandmother], would be to subject the minor child to an unwarranted and unnecessary intrusion and could cause irreparable psychological harm to her by subjecting her to the evaluation when the matter has already been investigated and no action was taken. Additionally, the value of any forensic interview done at least two (2) years after the alleged incidents occurred, would have little, if any, probative value.”
On June 19, 2015, the grandmother filed a reply to the responses, arguing that she was seeking the forénsic intérview to determine what behavior the child had been exposed to since being returned to the mother’s custody. The guardian ad litem responded to the reply that same day. On June 22, 2015, the juvenile court granted the grandmother’s motion for a forensic interview but stated that the interview would be limited to determining whether the child had been exposed to inappropriate conduct since the child had been returned to the custody of the mother. Several other motions were filed regarding the forensic interview and the continuance of the trial to complete the interview, with the juvenile court ultimately concluding on July 23, 2015, in pertinent part:
“While the court tried to accommodate [the grandmother’s] motion for a forensic interview, .... upon closer examination of the statutes, it is unlikely it would be of much use: Statements of a child under 12 to a counselor about sexual conduct performed on the child can be admissible but only if it is a dependency petition brought by DHR. Ala Code [1975,] Sec. 12-15-310(c).... This petition is brought by the [grandmother]. So, even if the child did make some statement to the counselor regarding sexual abuse, the court would not be able to hear it. Id. And any opinion of Dr. [Stacy] Ikard[, the licensed professional counselor who would have conducted the forensic interview with the child,] based upon inadmissible evidence would likewise be inadmissible.”
After a trial, the juvenile court entered a judgment on August 5, 2015, stating, in pertinent part:
“While the court believes the [grandmother’s] decision to pursue this matter was made in good faith and out of the genuine concern for the child and she has raised some concerns, this court cannot find by the high standard of clear and convincing evidence (as required by the law) that the child is dependent. Although there were allegations bf drug use by the mother and a lack of protective capacity, this court cannot find by clear and convincing evidence that the mother is actively using [the drug] spice arid does not protect the child from possible domestic abuse today. The DHR worker arid service provider both had no concerns with the child remaining in the mother’s custody. And the child has been back with the mother without issue for many months now. Further, the mother has an infant son living with her since his birth a few months ago and no one has filed a petition alleging that he is dependent.
“The [grandmother] having failed to meet her difficult burden of proof, the court finds there is insufficient evidence to find the child dependent.”
*1258 On August 10, 2015, the grandmother filed her notice of appeal.

Discussion

On appeal, the grandmother first argues that the juvenile court erred by dismissing the dependency petition filed by DHR without conducting an evidentiary hearing. We note, however, that the record indicates that DHR voluntarily dismissed its petition. The grandmother does not cite any authority indicating that a juvenile court may not dismiss a dependency petition upon the petitioner’s own motion.
“‘Rule 28(a)(10)[, Ala. R.App, P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.’ White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008); see also Bishop v. Robinson, 516 So.2d 723, 724 (Ala.Civ.App.1987) (quoting Thoman Eng’[rs], Inc. v. McDonald, 57 Ala.App. 287, 290, 328 So.2d 293, 294 (Civ.App.1976)) (noting that an appellant should ‘present his issues “with clarity and without ambiguity” ’ and ‘fully express his position on the enumerated issues’ in the argument section of his brief); accord United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990) (‘It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel’s work, create the ossature for the argument, and put flesh on its bones.’).”
Hudson v. Hudson, 178 So.3d 861, 865 (Ala.Civ.App.2014), cert. denied, 178 So.3d 872 (Ala.2015). Because the grandmother failed to cite any relevant authority supporting her argument, we decline to reverse the juvenile court’s judgment on this point.
The grandmother next argues that the juvenile court erred in failing to consider all the testimony of Q.D., the mother’s former boyfriend. She cites general authority regarding a trial court’s duty to accept relevant and competent evidence. We note, however, that, because the grandmother failed to update her interrogatory answers to indicate that she planned to call Q.D. as a witness, the juvenile court limited its consideration of Q.D.’s testimony to only impeachment testimony. In her brief to this court, the grandmother has failed to argue or to cite any authority indicating that.a trial court may not limit a witness’s testimony for failure of the party calling the witness to update his or her discovery responses. Because the grandmother has failed to present an argument challenging the reason stated by the juvenile court for the limitation of the testimony at issue, we cannot conclude that the juvenile court exceeded its discretion on this point. Hudson, 178 So.3d at 865. The grandmother also argues that the juvenile court erred in preventing her from taking testimony from the child’s guardian ad litem. We note, however, that the grandmother failed to cite any authority in support of this argument. Therefore, as with the previous issues, we cannot reverse the juvenile court’s judgment on this point. Hudson, 178 So.3d at 865.
The grandmother also argues that the juvenile'court erred in refusing to order a forensic interview of the child because, she says, the juvenile court had the authority to -order the interview and because, she says, the juvenile court should not have considered the guardian ad li-tem’s objection to the interview. We note, however, that the juvenile court expressly stated that it had determined that any information gleaned from such an interview would be inadmissible under Ala. *1259 Code 1975, § 12-15-310(c), a part of the Alabama Juvenile Justice Act (“the AJJA”), Ala.Code 1975, § 12-15-101 et seq., because the dependency petition at issue had not been filed by DHR. Section 12-15-310(c) provides:
“A statement made by a child under the age of 12 describing any act of sexual conduct performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in all dependency cases brought by the State of Alabama acting by and through a local department of human resources if:
“(1) The statement was made to a social worker, child sexual abuse therapist or counselor, licensed psychologist, physician, or school or kindergarten teacher or instructor; and
“(2) The juvenile court, finds that the time, content, and circumstances of the statement provide sufficient in-dicia of reliability. In making its determination, the juvenile court may consider the physical and mental age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, and any other factor deemed appropriate.”
(Emphasis added.) Although the grandmother argues that DHR originally filed a dependency petition, she fails to cite any authority indicating that information obtained from a forensic interview would be admissible under § 12-15-310(c) even after DHR had dismissed its dependency petition. Therefore, we cannot conclude that the juvenile court erred on this point. Hudson, 178 So.3d at 865.
Finally, the grandmother argues that the juvenile court erred in determining that the child was not dependent. According to Ala.Code 1975, § 12-15-102(8), a part of the AJJA, a “dependent child” is
“a. A child who has been adjudicated dependent by a juvenile court and is in need of care or supervision and meets any of the following circumstances:
“1. Whose parent, legal guardian, legal custodian, or other custodian subjects the child or any other child'in the household to abuse, as defined in subdivision (2) of Section 12 — 15—301[, Ala.Code' 1975,] or neglect as defined in subdivision (4) of Section 12-15-301, [Ala.Code 1975,] or allows the child to be so subjected.
“2. Who is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.
“3. Whose parent, legal guardian, legal custodian, or other custodian neglects or refuses, when able to do so or when the service is offered without charge, to provide or allow medical, surgical, or other care necessary for the health or well-being of the child.
“4. Whose parent, legal guardian, legal custodian, or - other custodian fails, refuses, or neglects to send the child to school in accordance with,.the terms of the compulsory school attendance laws of this state.
“5. Whose parent, legal guardian, legal custodian, or' other custodian has abandoned the child, as defined in subdivision (1) of Section 12-15-301.
■ “6. Whose parent, legal guardian, legal custodian, or other custodian is unable or unwilling to discharge his or her responsibilities to and for the child.
“7. Who has been placed for care or adoption in violation of the law.
“8. Who, for any other cause, is in need of the care and protection of the state.”
The grandmother points to evidence, including the testimony of the grandmother and Q.D., indicating that the mother con *1260 tinued to use synthetic marijuana and that she had threatened to hurt the child. We note, however, that the mother testified that she had not taken any drugs since the child had been returned to her care. Furthermore, there was also testimony presented by Markita McLemore, a DHR worker who had made monthly visits to the mother’s home between November 2014 and July 2015, with some of those visits having been made with only five minutes’ notice to the mother. McLemore testified that she had not seen any evidence of illegal drug use by the mother. She further testified that, although she had not tested the mother for synthetic marijuana, the mother had not tested positive for drugs since October 2014. She also testified that neither the grandmother nor Q.D. had reported any drug use by the mother to DHR. McLemore also testified that she had not observed any marks on the child indicative of abuse. There was also testimony from Maureen Palahach, who had supervised the mother’s visitations with the child in the mother’s home once a week from November 2014 through June 2015, indicating that she had no concerns regarding the child’s living with the mother. Palahach testified that she had not observed any evidence of drug use by the mother.
The mother testified that the child receives food stamps, that the child has her own room at the mother’s house, that the child goes to day care, and that the child has no contact with the father. She testified that she has housing through the local housing authority and that she also receives financial support from family and friends. The mother also testified that she had recently obtained employment.
“ ‘ “Appellate courts do not sit in judgment of disputed evidence that was presented ore terms before the trial court — ” ’ Ex parte Roberts, 796 So.2d 349, 351 (Ala.2001) (quoting Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996)). ‘When the evidence in a case is in conflict, the trier of fact has to resolve the conflicts in the testimony, and it is not within the province of the appellate court to reweigh the testimony and substitute its own judgment for that of the trier of fact.’ Delbridge v. Civil Serv. Bd. of Tuscaloosa, 481 So.2d 911, 913 (Ala.Civ.App.1985). ‘[A]n appellate court may not substitute its judgment for that of the trial court. To do so would be to reweigh the evidence, which Alabama law does not allow.’ Ex parte Foley, 864 So.2d 1094, 1099 (Ala.2003) (citations omitted).”
Ex parte R.E.C., 899 So.2d 272, 279 (Ala. 2004).
In the present case, there was conflicting evidence regarding whether the mother was currently using illegal drugs and properly caring for the child. The juvenile court clearly determined the conflicts in favor of the mother. Based on our deferential standard of review, we cannot conclude that the juvenile court exceeded its discretion.

Conclusion

Based on the foregoing, we affirm the judgment of the juvenile court.
AFFIRMED.
THOMPSON, P.J./and PITTMAN, THOMAS, and DONALDSON, JJ., concur.